**GIBSON LUMBER COMPANY,
Plaintiff-Appellant,**

v.

**NEELY COBLE COMPANY, INC., Mack Trucks, Inc., and Leon B. Batson, Deputy Sheriff for Davidson County, Tennessee, Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

Jan. 28, 1983.

Rehearing Denied Feb. 18, 1983.

Application for Permission to Appeal
Denied by Supreme Court
May 23, 1983.

Fyke Farmer, Nashville, for plaintiff-appellant.

Daniel R. Loftus, William D. Leader, Jr., Nashville, for Neely Coble Co., Inc.

J. Greer Cummings, Jr., Nashville, for Mack Trucks, Inc.

NEARN, Presiding Judge Western Section.

In this case Gibson Lumber Company filed suit in the Chancery Court of David-

son County against Neely Coble Company, Inc., and Mack Trucks, Inc. The Sheriff of said county was also joined as a defendant but has since been dismissed and is of no further concern to the issues on appeal. Both Neely Coble and Mack were also dismissed but their dismissals are the subject of this appeal by the plaintiff Gibson. Neely Coble was dismissed on the grounds of res judicata. Mack Truck was dismissed on the grounds that any liability they might suffer was vicarious to that of Neely Coble and since Neely Coble had been previously absolved of negligence in a prior proceeding, no liability could fall on Mack Truck.

The present suit alleges that the plaintiff was damaged by the negligent repair of its truck in August of 1978. It was alleged that when the defendants made repairs in August of 1978 "the Diesel Engine in the truck involved in this controversy had some inherent structural defects which facts had been concealed from it by both the defendants Neely Coble Company and Mack Trucks, Inc."

We believe that a proper understanding of the damages sought in this case requires some discussion of a prior suit before we state the nature of the damages here sought. We have only the pleadings in this case before us, but attached to those pleadings when filed were pleadings from the prior case. The statements in this present complaint and the prior pleadings show that Gibson purchased a Mack Truck from Mack in 1972. The truck experienced numerous engine related failures. The engine was overhauled several times by Neely Coble; some of the work being paid for by Mack and some by Gibson. In October 1977 the engine was again overhauled and paid for by Gibson. In February 1978 it again failed. In August 1978 the crankshaft failed and Mack paid for its replacement with the work being again performed by Neely Coble. In March 1979 the engine again failed and it was returned to Neely Coble for repairs. Neither Mack nor Gibson would pay for the repairs which amounted to $5,205.11 and Neely Coble therefore would not release the truck. Gibson filed a possessory action against Neely Coble only.

Neely Coble counter-claimed for $5,205.11. The Trial Court in the first suit found against Gibson and ruled that Gibson had failed to prove that the defendant negligently repaired the truck. The matter was appealed to the Court of Appeals which affirmed the action of the Trial Judge. Subsequently, the Supreme Court denied permission to appeal. The prior suit will be referred to as such or by its Trial Number of C–1954.

During the pendency of the prior case this case was filed by Gibson against both Neely Coble and Mack Truck and the damages sought herein against both defendants are (a) a judgment against both for the amount required to satisfy the judgment in favor of Neely Coble against Gibson in case Number C–1954 and (b) "That plaintiff have and recover of the defendants Neely Coble Company and Mack Trucks, Inc. a judgment for the loss, damages and expenses including attorney's fees and expenses incurred and suffered by plaintiff on account of their negligent acts and/or breach of contracts, express or implied, with the plaintiff arising from the defective condition or basic flaws of the engine of the truck involved in this controversy and/or their negligent failure to remedy any such defects or flaws."

It is apparent from the pleadings in the instant case that plaintiff does not dispute the necessity of or the workmanlike manner in which the March 1979 repairs were made or the amount thereof represented by the judgment in Neely Coble's favor in case Number C–1954. The gravamen of this complaint is the alleged concealment of the defendants of basic engine defects which were or became known to both defendants as a result of the *August 1978* repair. It is alleged in the present case that the guilty knowledge and concealment of the defendants regarding the August 1978 repair did not become known to plaintiff until the proof was being taken in case Number C–1954.

As to the defendant Neely Coble, we believe the plea of res judicata to be an

absolute bar to plaintiff's suit against it. Application of the doctrine of res judicata bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit, *Scales v. Scales* (1977 Tenn.App.M.S.), 564 S.W.2d 667.

■ Counsel for Gibson seeks to avoid the application of the doctrine with the argument that (a) this is not the same cause of action because this present suit is a negligence action and the prior suit was not, (b) under T.C.A. § 29–30–108(a) one may file a possessory action only and retain for another day a negligence action arising from the same transaction, and (c) the former judgment is not final. We agree that the former suit *started out* as a contract possessory action, but it did not end up that way. When Neely Coble filed its counter-claim against Gibson for the amount of the March repairs, Gibson made the negligence of Neely Coble in the March or previous repairs an issue in the case as evidenced by the record. In his exceptions made to the findings of the Master in case Number C–1954, counsel for Gibson insisted "The Special Master erred in not holding that the prerequisites of the doctrine of res ipsa loquitur were met by the proof in this case casting upon the defendant the burden of showing the cause of its previous failures to rebuild and repair the engine so that it would have the normal operating life." Aside from the fact that the doctrine of res ipsa loquitur has application only in negligence cases, it is evident that in the prior litigation that Gibson was attempting to have the Court hold from the evidence presented, that Neely Coble had negligently done all repairs previous to March 1979 which negligence in previous repairs was the *sine qua non* for the March repairs. Therefore, the negligence action against Neely Coble was not retained for a later date but was tried in the prior suit and that issue found against Gibson. Since the filing of briefs in this case, the Supreme Court has denied application for permission to appeal in the prior case. Hence, any argument based on the non finality of the former judgment is moot.

We affirm the action of the Trial Court in its dismissal of the action against Neely Coble.

■ Since Mack was not a party to the prior suit the doctrine of res judicata would not apply unless this action against Mack is based solely upon the vicarious liability of Mack. A finding of no negligence on the part of a servant releases the master from vicarious liability. *McInturff v. White* (1976 Tenn.), 565 S.W.2d 478. In ruling on motions to dismiss we are required to view the pleadings in favor of a trial and not in favor of a dismissal without a trial. We should not assume, or presume facts contrary to those stated in a complaint and we should not draw conclusions from stated facts against plaintiff unless all logic impels it. *Crosslin v. Alsup* (1980 Tenn.), 594 S.W.2d 379; *Holmes v. Wilson* (1977 Tenn.), 551 S.W.2d 682.

■ An examination of the pleadings in this case does not cause us to conclude that the only cause stated against Mack is one of vicarious liability. We do not say that a case for vicarious liability could not be lawfully concluded from the pleadings. We say it is not the only case to be concluded from the pleadings. The complaint alleges that the March 1979 failure of the engine "resulted from the combined negligence" of the defendants. Combined does not mean vicarious. Further, the complaint alleges that the engine suffers from "inherent structural defects—concealed from it by both the defendants—" The fact that it has been held that Neely Coble knew of no defect or was not negligent in failing to discover one in the August 1978 repair, does not necessarily mean that Mack was without the knowledge and not negligent or did not breach a duty in the August 1978 repair. If the prior suit had not been filed and in the present case the liability of both Mack and Neely Coble had gone to the jury under the facts alleged in this complaint, we do not believe that a verdict against one and in favor of the other could be set aside as repugnant.

Therefore, we have concluded that the Trial Judge erred in dismissing the complaint as to Mack and must remand to the Trial Court for further proceedings.

Costs of appeal are adjudged against Mack.

Done at Nashville in the two hundred and seventh year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

CRAWFORD and HIGHERS, JJ., concur.

## ORDER ON PETITION TO REHEAR

A courteous Petition to Rehear has been filed. However, it raises no matters which would cause us to alter our former opinion and is therefore denied.