**Billy F. TREW, Plaintiff-Appellant,**

v.

**WAYNE–GOSSARD CORPORATION and Benefit Trust Life Insurance Company, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Nashville.

March 20, 1985.

Application for Permission to Appeal Denied by Supreme Court May 13, 1985.

William T. Hill, Nashville, for plaintiff-appellant.

Hugh J. Moore, Jr., Chattanooga, for Wayne-Gossard Corp.

Robert G. McDowell and J. Randolph Bibb, Jr., Nashville, for Benefit Trust Life Ins. Co.

NEARN, Presiding Judge, Western Section.

The plaintiff appeals from the Trial Judge's order dismissing his breach of contract action against the defendants on the basis of *res judicata.*

The plaintiff was employed by defendant Wayne-Gossard Corporation in a supervisory capacity for many years. In 1976, his employer instituted a mandatory disability insurance program in which plaintiff enrolled. The premium for this insurance coverage was deducted monthly from plaintiff's paycheck. The policy provided that benefits payable under the policy would not exceed 70% of the insured's average monthly earnings during the six months preceding the disability, but if the insured *and* his dependents were receiving social security payments, *these payments* were to be subtracted from the 70% total and the policy would pay the difference. Wayne-Gossard compiled a "Summary Plan Description" of the policy for distribution to its employees. However, this document was misleading and stated that the benefits under the policy would equal 70% of the average monthly earnings minus social security payments made to *the insured.*

In 1979, plaintiff became totally disabled and began receiving benefits under the policy. Because both he and his wife were receiving social security benefits, the benefits were paid as stated in the policy and were less than as stated in the Summary Description Plan. In March, 1981, plaintiff filed suit in the Chancery Court in Nashville against Wayne-Gossard and Benefit Trust Life Insurance Company for misrepresentation. On October 14, 1981, the suit was dismissed for lack of prosecution but was reinstated November 13, 1981. In the interim, on October 18, Benefit Trust terminated plaintiff's benefits under the policy. In the reinstated action, the defendants filed motions for summary judgment in May, 1983, which were granted in August, 1983, and the case was again dismissed. After the reinstated suit had been dismissed plaintiff filed a motion to amend his complaint or, in the alternative, to reconsider dismissal, both of which were denied. The plaintiff sought to amend his complaint to allege:

... 4. Both Wayne-Gossard Corporation as agent for the insurance company, and Benefit Trust Life Insurance Company have failed to properly process the Plaintiff's claim for insurance benefits and have failed to comply with the terms set forth in the insurance policy as communicated at the time the policy was purchased and breached the contract of insurance.

5. After receiving benefits for less than what was provided in the contract the insurance company has arbitrarily and totally terminated all benefits under the policy and refuses to comply with the terms of the insurance policy and in so doing exhibits bad faith in attempting to vex and abitrarily [sic] place an economic burden on the Plaintiff for pursuing his right under the insurance contract and in so doing has exhibited bad faith in violation of the law when the Plaintiff has made demand of the Defendant, Benefit Trust Life Insurance Company, pursuant to T.C.A. 56–7–105 and the Defendant refuses to pay within the sixty (60) days causing additional expense, loss and injury to the Plaintiff.

The Chancellor, in denying the motion, stated that the attempted amendment was untimely.

Plaintiff appealed the judgment of the Chancellor and the Middle Section of this Court affirmed. In its opinion, *Trew v. Wayne-Gossard Corporation,* filed at Nashville September 21, 1984, the Court held that (1) the plaintiff's misrepresentation claim failed because the insurance plan was mandatory and plaintiff, therefore, could not have relied on his employer's misrepresentations in deciding whether to enroll and because plaintiff testified that he did not see the Summary Description Plan until after he had enrolled, (2) plaintiff's complaint had not contained sufficient averments to support a breach of contract claim, and (3) the Chancellor had not

abused his discretion in denying plaintiff's motion to amend.

While the appeal just described was pending, plaintiff filed the lawsuit which forms the basis of this appeal in the Circuit Court in Nashville. Plaintiff's complaint alleged that Benefit Trust "arbitrarily and capriciously terminated and discontinued all benefits under the policy...." and that "[b]oth Wayne-Gossard Corporation, as agent for the insurance company, and Benefit Trust Life Insurance Company ... have failed to comply with the terms set forth in the insurance policy as communicated at the time the policy was purchased." Thus, plaintiff's claim in the second lawsuit is for the defendants' alleged breach of contract in terminating plaintiff's benefits under the policy. The defendants' motions for summary judgment were granted and the suit dismissed.

Plaintiff states the issue on appeal as follows:

> Whether appellant's claim of misrepresentation in the sale of an insurance contract on or about April, 1979 and filed on March 9, 1981, is a bar to subsequent suit for breach of contract for termination of benefits on or about October 18, 1981.

We hold that it is. This Court recently addressed the issue of *res judicata* in *Gibson Lumber Co. v. Neely Coble Co., Inc.,* (1983 Tenn.App.W.S.) 651 S.W.2d 232. In that case we held that the plaintiff was barred from bringing suit against Neely Coble for negligent repair to a truck owned by plaintiff because of a prior possessory action against Neely Coble arising from the same repair job. Neely Coble counterclaimed in the prior action for the amount of the repair bill, making the negligent repair an issue in the first suit. We noted in *Gibson* as follows: "Application of the doctrine of *res judicata* bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit (citation omitted)." *Gibson,* 651 S.W.2d at 234.

Plaintiff's argument, in a nutshell, is that the termination of benefits gave rise to a new and separate breach of contract action and that, therefore, *res judicata* is not a bar to the present suit. This argument must fail. The termination of benefits occurred in October, 1981, before plaintiff reinstated the first lawsuit in which he claimed he intended to sue for breach of contract. The Chancellor's denial of plaintiff's motion to amend to include a breach of contract claim was due to the untimeliness of the amendment, which came almost two years after suit was reinstated. Nevertheless, plaintiff's present breach of contract claim occurred during the pendency of the first lawsuit, involved the same parties, the same insurance contract, and could have been litigated in the first lawsuit. The fact that the breach of contract that plaintiff originally intended to include in his first complaint was based on the discrepancy in the insurance policy and the Summary Plan Description and the second breach was based on the termination of benefits does not make the two grounds for breach of contract two different causes of action. They are simply two different grounds for the same cause of action. The bottom line in plaintiff's breach of contract claims is that the defendants allegedly "failed to comply with the terms set forth in the insurance policy."

We, therefore, hold that plaintiff is barred by *res judicata* from suing the defendants for breach of contract. The order granting summary judgment for defendants is affirmed.

Costs are assessed against the appellant.

Done at Nashville in the two hundred and ninth year of our Independence and in the one hundred and ninetieth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.