BARBARA ANN HALL and husband, )
DAVID A. HALL,                  )        Davidson Circuit
                                )        No. 96C-1898
        Plaintiffs/Appellants,  )
                                )
VS.                             )
                                )
ST. THOMAS HOSPITAL, RACHEL     )        Appeal No.
KAISER, M.D., and DANIEL L.     )        01A01-9709-CV-00504
STARNES, M.D.,                  )
                                )
        Defendants/Appellees.   )


IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE BARBARA N. HAYNES, JUDGE

FILED

May 6, 1998

Cecil W. Crowson
Appellate Court Clerk


J. P. Barfield, #11231
JOHNSON, SCRUGGS & BARFIELD
Suite 508, Cavalier Building
95 White Bridge Road
Nashville, Tennessee 37205
ATTORNEY FOR PLAINTIFFS/APPELLANTS

David A. King, #11559
CORNELIUS & COLLINS
2700 Nashville City Center
511 Union Street
Post Office Box 190695
Nashville, Tennessee 37219-0695
ATTORNEY FOR DEFENDANTS/APPELLEES


AFFIRMED AND REMANDED.


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| BARBARA ANN HALL and husband, ) | |
| DAVID A. HALL, ) | Davidson Circuit |
| ) | No. 96C-1898 |
| Plaintiffs/Appellants, ) | |
| ) | |
| VS. ) | |
| ) | |
| ST. THOMAS HOSPITAL, RACHEL ) | Appeal No. |
| KAISER, M.D., and DANIEL L. ) | 01A01-9709-CV-00504 |
| STARNES, M.D., ) | |
| ) | |
| Defendants/Appellees. ) | |

# O P I N I O N

This is a medical malpractice suit in which the plaintiffs have appealed from a summary judgment in favor of all defendants.

The amended complaint states in substance the following pertinent facts:

On December 1, 1993, the plaintiff, Mrs. Hall, suffered a severe crushing displaced trimalleolar fracture of her right ankle with multiple fragments; that she continued to have trouble with the healing of her ankle and was authorized to use a wheel chair; and that her trouble was then diagnosed as marked osteoporosis and severe reflex sympathetic dystrophy.

On May 17, 1995, plaintiff "stood up and out of her wheel chair, became disoriented, fell unconscious, and fell to the floor, injuring her right knee." She was transported to Saint Thomas Hospital where she was seen by the defendants, Rachel Kaiser, M.D. and Daniel N. Starnes, M.D., who ordered an x-ray of the knee. Dr. Kaiser reviewed the x-ray and made a final diagnosis of syncope and right knee and ankle trauma, but no acute fracture involving the knee. Her knee was bandaged. Dr. Kaiser reported the incident to Mrs. Hall's orthopedists, Dr. Dewey Thomas or Charles Daniels. The x-ray was subsequently reviewed by Dr. David l. Starnes, who made a diagnosis of marked osteoporosis with no evidence of fracture with questionable infectious old or new process in the tibia and fibula, and ligamentous sprain of the knee with

extra-articular blood and reflex sympathetic dystrophy up to and above the knee level. A hinged knee brace was prescribed to stabilize the knee.

On September 18, 1995, Mrs. Hall saw Dr. William A. Schell, Jr., who took additional x-rays and rendered a diagnosis of healed supra condylar fracture with femoral condyles at a slight degree of flexation in addition to severe osteoporosis secondary to reflex sympathetic dystrophy.

On September 25, 1995, Mrs. Hall saw Dr. John A .Compa, III, who made additional x-rays and diagnosed fracture of the distal femur with moderate impaction and posterior angulation of the distal fracture fragment. An M.R.I. showed a persistent fracture line and surrounding bone marrow edema.

The motion of the defendants for summary judgment was supported by the "pleadings" (complaint), and the affidavits of Dr. Kaiser, Dr. Starnes, and Dr. Thomas.

Each states that the affiant is familiar with the "acceptable standard of professional practice," that affiant did not "fall below" such standard and that "the delayed diagnosis of Mrs. Hall's femoral fracture did not cause any injury to plaintiff which would not have otherwise occurred.

On February 7, 1997, the Trial Court entered the following order:

> This matter came before the Court on February 7, 1997, upon the motions for summary judgment of defendants, St. Thomas Hospital, Rachel Kaiser, M.D., and Daniel L. Starnes, M.D. After reviewing defendants' motions and supporting affidavits, (there being no response(s) filed by plaintiffs), the Court finds there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law.
>
> It is, therefore, ORDERED that the defendants' motions for summary judgment are hereby granted and that this case is dismissed on the merits and with prejudice as to

all of the defendants.  Costs are taxed to the plaintiffs, for which execution shall issue if necessary.

On February 14, 1997, Mrs. Hall moved under Rule 60.02 - to vacate the February 7, 1997.

On the same date, "Plaintiff served upon Dr. Kaiser an 8-page interrogatory and request for production of "any matters relevant to this lawsuit."

On March 21, 1997, the Trial Court set aside its February 7, 1997 order and reset argument on defendants' motions for summary judgment for march 31, 1997, and awarded the defendants discretionary costs of $760.00.

On March 26, 1997, the plaintiffs filed the affidavits of Drs. Thomas and Dr. Leavy.

On March 27, 1997, the defendants filed "objections and reply" containing the following objections to the affidavit filed by plaintiffs:

1.      Dr. Thomas's affidavit does not show his knowledge of the recognized standard of care.

2.      Dr. Leavy's affidavit does not show his knowledge of the recognized standard.

3.      The affidavits inaccurately quote the medical records and hearsay.

4.      Dr. Leavy's affidavit contains no statement about deviation from acceptable standard of care.

5.      Neither affidavit asserts causation.

On March 31, 1997, the Trial Court entered the following order:

> This cause came to be heard on March 31, 1997, before the Honorable Barbara N. Haynes, Circuit Court Judge, upon the defendants' respective motions for summary judgment, the plaintiffs' memorandum in opposition with supporting affidavits of Drs. E. Dewey Thomas and Phillip G. Leavy, Jr., defendants' objections and reply thereto, and the

entire record in this cause from all of which the Court found that all of the defendants' objections to the memorandum and affidavits filed by plaintiffs should be sustained, and that the defendants' respective motions for summary judgment should be granted on the ground that the affidavits of Drs. Thomas and Leavy are insufficient as a matter of law to overcome the defendants' motions.

It is therefore, ORDERED that all of the defendants' objections to the memorandum and affidavits filed by plaintiffs are hereby SUSTAINED, that the respective motions for summary judgment of defendants, St. Thomas Hospital, Rachel Kaiser, M.D., and Daniel L. Starnes, M.D. are hereby GRANTED, and that all claims against all defendants are therefore dismissed with prejudice and on the merits.

All court costs are taxed to the plaintiffs for which execution shall issue, if necessary.

The plaintiffs present no issues on appeal. The defendants state the issue as follows:

I. Whether the trial court properly determined that the affidavits of plaintiffs' experts are insufficient as a matter of law to overcome defendants' properly supported motions for summary judgment.

The hospital's motion for summary judgment was supported by affidavit that no employee of the hospital was involved in the treatment of the patient and that the physician defendants were independent contractors.

The motion of all defendants was supported by affidavits of the defendant, Dr. Kaiser, a radiologist, and defendant, Dr. Starnes, an orthopedist, that all care conformed to the acceptable standard for such care, and that no injury resulted from such care.

In response to the motions for summary judgment, the plaintiffs offered the affidavits of two physicians, Dr. E. Dewey Thomas and Dr. Phillip G. Leavy, Jr.

The affidavit of Dr. Thomas states that he has been licensed to practice medicine in Tennessee "since 19__." The failure to state the exact year of his license results in a failure of his qualification. His affidavit states that the recorded history of the patient includes the

-5-

information that the patient had a "healed supra condylar fracture with severe osteopentia and reflex sympathetic dystrophy that has progressed up to and above the right knee." The affidavit states that the patient "has sustained a 5% whole body impairment," but does not state that the impairment is the result of any negligence of the defendants. That is, there is no distinction between the preexisting impairment from the previous injury and any increased impairment from the alleged negligence of defendants.

The affidavit of Dr. Leavy states in pertinent part:

> It is my professional opinion after having considered all the information from Mrs. Barbara Ann Hall's follow-up visits to two different orthopedic surgeons, it seems very likely that Mrs. Hall did suffer a fracture on 5/17/95 that was missed in her evaluation that day at St. Thomas Hospital. If there was a fracture present on those x-rays that should have been seen by the Emergency Physician and/or the Radiologist, then Rachel Kaiser M.D. and Daniel Starnes, M.D. both failed in their duty to properly diagnose and treat Mrs. Hall's injury. Furthermore, the failure to notify Mrs. Hall, or her attending physicians (Dr. Daniels or Dr. Thomas) of the possibility of a bone infection reported as seen on these films, represents a further breach of the standard of care. Under the existing circumstances, these actions or failures of action constituted negligence on the part of the defendants, Rachel Kaiser, M.D. and Daniel Starnes, M.D. in their care and treatment of Barbara Ann Hall, and constituted a deviation from the standard of acceptable medical practice in this community.

T.C.A. § 29-26-115(a) and (b) read as follows:

> **Claimant's burden in malpractice action - Expert testimony - Presumption of negligence** - Jury instructions. - (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) the recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred.
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

(b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a) unless he was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make his expert testimony relevant to the issues in the case and had practiced this profession or specialty in one of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection when it determines that the appropriate witnesses otherwise would not be available.

The affadivit of Dr. Leavy fails to supply the specific element of damage from the alleged negligence which was omitted from the affidavit of Dr. Thomas.

The affidavits presented by plaintiffs fail to contradict defendants' affidavit that the plaintiffs suffered no damage as a result of the alleged negligence of the individual defendants. *Bowman v. Henard*, Tenn. 1977, 547 S.W.2d 527.

The alleged liability of the hospital was based entirely upon the alleged negligence of the individual defendants. Therefore, the dismissal of the individual defendants' requires the dismissal of the hospital. *Gibson Lumber Co. v. Neely Cable Co.*, Tenn. App. 1983, 651 S.W.2d 232.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the

plaintiffs and their surety. The cause is remanded to the Trial Court for further necessary procedure.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE