**Rodney Brent WELCH and Kelly Kay Welch, Plaintiffs/Appellants,**

v.

**Robert THUAN, M.D. and B. Thompson, M.D., Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section.

March 23, 1994.

Permission to Appeal Denied by Supreme Court Aug. 1, 1994.

Lionel R. Barrett, Jr., Nashville, for plaintiffs/appellants.

Noel F. Stahl, Joseph R. Wheeler, Cornelius & Collins, Nashville, for defendants/appellees.

## OPINION

CANTRELL, Judge.

After the defendants filed a motion for summary judgment in this medical malpractice case, the plaintiffs attempted to amend their complaint. The trial court denied the plaintiffs' motion to amend, and granted summary judgment to the defendants. The plaintiffs are appealing the denial of their motion to amend, and by implication, the summary judgment as well. Because we feel the trial court was acting within its sound discretion we affirm its decision.

## I.

Plaintiff Rodney Brent Welch developed severe pain in the right side of his groin at about 6:30 p.m., on November 10, 1991. At 2:00 a.m. on November 11, he went to the emergency room of the defendant Goodlark Medical Center. There he was examined by Dr. Robert Thuan, the defendant physician, who made a tentative diagnosis of testicular torsion and recommended immediate exploratory surgery. The plaintiff signed the informed consent form, and surgery began at about 3:00 a.m. The surgery was performed without complications, but no torsion was found.

After surgery, Dr. Thuan ordered an infusion urography (IVP), which revealed a slight area of calcification within the right ureter, indicating the presence of a kidney stone. At about 11:30 p.m. on November 12, Mr. Welch passed a small stone. He was discharged by Dr. Thuan later that day. The following day, another sudden onset of pain in the same area led the plaintiff to seek medical assistance at Donelson Hospital. A physician there performed stone manipulation without extraction and the plaintiff became pain free.

Mr. Welch filed his initial complaint on November 12, 1992, more than a year after the actions complained of. He contended that Dr. Thuan had negligently misdiagnosed his condition, resulting in his being subjected to unnecessary emergency surgery.

In addition to defendants Dr. Thuan and Goodlark Medical Center, another named defendant was Dr. Bill Thompson, a radiologist. The complaint alleged that Dr. Thuan had ordered an IVP from Dr. Thompson before performing surgery on Mr. Welch, but that Dr. Thompson had negligently failed to report the results of the IVP in a timely fashion. Because Dr. Thuan did not obtain the information that would have enabled him to make a correct diagnosis of Mr. Welch's condition, he went ahead with the testicular surgery, causing Mr. Welch unnecessary pain and expense.

## II.

As discovery proceeded in this case, some important inaccuracies in the original com-

plaint became apparent. In particular, while the time that the IVP was performed was correctly stated to be 7:38 a.m. on November 11, the complaint alleged that the diagnosis and surgery had occurred at 9:00 a.m. rather than 3:00 a.m. The significance of this fact is that the earlier time of the surgery negates the possibility that the defendant radiologist was negligent in not reporting the results of the diagnostic test before surgery was performed.

The attorneys for the defendants communicated this finding to the plaintiffs' attorney in a letter dated January 4, 1993. On February 2, 1993, the affidavit of the defendant radiologist was filed, confirming that the infusion urography was requested and performed after the exploratory surgery, not before.

On February 12, 1993, defendants Thuan and Thompson filed a motion for summary judgment in the trial court. In response, the plaintiff moved the trial court on February 17, 1993 for permission to amend the complaint, in accordance with Tenn.R.Civ.P. 15.-01. The requested amendment involved two paragraphs. The only change requested was that the time of the events indicated be corrected from 9:00 a.m. to 3:00 a.m.

On March 26, 1993, the plaintiffs filed a supplemental motion to amend their complaint. The requested amendments to three paragraphs altered the factual basis of the allegations of negligence against Dr. Thuan to allege that he failed to order an infusion urography of the plaintiff in a timely way, rather than that he failed to wait for the results of a previously ordered test before commencing surgery. In neither of the motions did the plaintiff request that Dr. Thompson be dismissed as a defendant, though knowledge of the correct sequence of events would seem to negate the plaintiffs' theory of the radiologist's liability.

The action was heard on May 27, 1993, upon the plaintiffs' motions to amend, and the defendants' motion for summary judgment. The Court's order denying the plaintiffs' motions and granting defendants' request for summary judgment included the following statement:

"... the plaintiffs and their counsel were put on notice of factual errors in the plaintiffs' complaint and had ample opportunity to correct these errors prior to February 12, 1993, when defendants filed their motion for summary judgment. Nevertheless, plaintiffs failed to take any steps to amend or otherwise correct the errors in their complaint prior to defendants' motion for summary judgment being filed. Accordingly, the Court finds that plaintiffs' motions to amend should not be allowed and defendants' motion for summary judgment should be considered in view of the state of the pleadings at the time the defendants' motion for summary judgment was filed. Based upon the Court's review of these pleadings as well as the entire record, the Court finds there to be no genuine issue of material fact to be decided and, therefore, defendants' motion for summary judgment is granted."

### III.

Rule 15.01 Tenn.R.Civ.P. provides that "[a] party may amend his pleadings once as a matter of course at any time before a responsive pleading is served ... otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court...." The rule provides that permission to amend may be liberally granted, but the decision is within the sound discretion of the trial court, and will not be reversed unless abuse· of discretion has been shown. *Wilson v. Ricciardi,* 778 S.W.2d 450, 453 (Tenn.App.1989).

The Tennessee Supreme Court has stated some relevant factors the trial court should consider in deciding whether to grant a motion to amend. These include "undue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Merriman v. Smith,* 599 S.W.2d 548, 559 (Tenn.App.1979).

Examining this case in the light of those factors, we find ample justification for the actions of the trial court. Undue delay was specifically mentioned in the order, and under the circumstances would be a sufficient

reason by itself to deny the motion to amend. However, this court is also mindful of the undue prejudice to Dr. Thompson that would certainly result if he were forced to continue to defend an action that has no merit as to him, and the possible prejudice to Dr. Thuan from being compelled to defend his conduct under a different theory than the earlier pleadings led him to prepare for.

Further, the complaint reveals that this case was not filed until after the expiration of the one-year statute of limitations for malpractice actions found in Tenn.Code Ann. § 29–26–116(a)(1), and this defense was raised in the answers of Drs. Thuan and Thompson. The futility of an amendment is clear when granting it would prolong the litigation, but almost certainly not lead to a different ultimate result.

### IV.

We therefore find that the trial court did not abuse its discretion in denying the motion to amend, and in granting summary judgment to the defendants on the basis of the pleadings as they stood at the time the motion for summary judgment was filed. The decision of the trial court is affirmed. This cause is remanded to the trial court for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.