## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | |
|---|---|
| **LISA J. PRINCE and husband,**<br>**RICKY PRINCE,** | ) |
| | ) |
| Plaintiffs/Appellants, | ) **Coffee Circuit No. 24,504** |
| | ) |
| **VS.** | ) **Appeal No. 01A01-9508-CV-00342** |
| | ) |
| **COFFEE COUNTY, TENNESSEE**<br>**d/b/a COFFEE MEDICAL CENTER,** | ) |
| | ) |
| Defendant/Appellee. | ) |

**FILED**

May 3, 1996

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF COFFEE COUNTY
AT MANCHESTER, TENNESSEE
THE HONORABLE GERALD L. EWELL, SR., JUDGE


**RICK L. MOORE**
**RUSSELL D. HEDGES**
**J. BROOKS FOX**
**MOORE & HEDGES**
Tullahoma, Tennessee
Attorneys for Appellants


**ROBERT L. TRENTHAM**
**MARK TYLER SEITZ**
**TRABUE, STURDIVANT & DEWITT**
Nashville, Tennessee
Attorneys for Appellee


**REVERSED AND REMANDED**


**ALAN E. HIGHERS, J.**


**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HEWITT P. TOMLIN, JR., SR. J.**


This is a medical malpractice case. Plaintiffs, Lisa and Ricky Prince, are husband

and wife.  Lisa Prince ("Plaintiff") was injured during out-patient surgery, allegedly as a result of improperly administered anesthetic.  Initially, the suit was brought against Coffee Medical Center, Dr. Ramprasand (the surgeon), and Michael Cruz (the nurse anesthetist).  Dr. Ramprasand and Cruz settled with Plaintiffs and were dismissed prior to this action.  Plaintiff alleges on appeal that Coffee Medical Center ("CMC") was negligent in failing to establish adequate anesthetic policies and procedures and in failing to enforce its own anesthesia policies and procedures.  The trial court granted summary judgment in favor of CMC and Plaintiff has appealed.  For the reasons stated below, we reverse.

Dr. Ramprasand, Plaintiff's physician, admitted her to CMC on June 19, 1989, to undergo same-day surgery for release of carpal tunnel syndrome.  Dr. Ramprasand was to perform the surgery and Michael Cruz, a certified registered nurse anesthetist, was to administer the regional anesthetic.  Cruz was employed by Warren Anesthesia Associates, an organization with which the CMC had a contract obligating Warren to provide anesthetic services to CMC patients.

The procedure for administering the regional anesthetic entails placing a double tourniquet in the area of the elbow while injecting the anesthetic agent (.5% Xylocaine) intravenously into the patient's arm.   The hospital pharmacy was closed at the time of Plaintiff's surgery, and the standard anesthetic, a .5% single dose vial of Xylocaine, was not stocked in the operating room.   Consequently, Cruz compounded his own solution of .5% Xylocaine.

After two attempts to establish a tourniquet cuff on Plaintiff, Cruz injected the anesthetic solution that he had prepared into Plaintiff's arm. Following surgery, the tourniquet was removed.  Soon thereafter, multiple blue patches appeared on Plaintiff's arm and no pulse registered below her elbow.  Plaintiff was taken by ambulance to St. Thomas Hospital for corrective surgery.

Plaintiff was diagnosed at St. Thomas Hospital as having sustained a compartment

2

syndrome and peripheral nerve injury. At St. Thomas Hospital she underwent a fasciotomy, where a surgical incision is made in the arm to relieve pressure in the fascial compartments. The fasciotomy left an open wound in Plaintiff's arm that required skin grafting to correct. Plaintiff subsequently underwent several skin grafts, extensive physical therapy, and other surgical procedures. Plaintiff has incurred approximately $140,000 in medical expenses.

Dr. Ramprasand and Cruz entered into a settlement with Plaintiff, which resulted in their dismissal from the suit. CMC filed a Motion for Summary Judgment based on the fact that any potential liability against CMC was extinguished by the dismissal of Cruz and Dr. Ramprasand from the case. CMC reasoned that any claims against it would be based upon the conduct of either Dr. Ramprasand or Cruz and that, therefore, the common law rule providing that when a servant is released from liability, the master is also released, absolved CMC of any liability. CMC also argued that it was entitled to summary judgment because the Plaintiff failed to allege specific acts of negligence in the original complaint.

Conversely, Plaintiff alleged that Cruz and Dr. Ramprasand were independent contractors and that the claims against CMC rested solely upon independent grounds, rather than upon derivative liability stemming from the acts of Cruz and Dr. Ramprasand. Specifically, Plaintiff alleged that CMC was negligent in failing to enforce its own anesthetic policies and procedures and in failing to establish anesthetic procedures that "would have insured that those with limited staff privileges could not have exceeded their authority to administer anesthetics to the Plaintiff, Lisa J. Prince."

In her original complaint dated June 18, 1990, Plaintiff alleged that CMC was negligent in the following respects:

> (a) In failing to provide competent medical personnel, including doctors and nurses for the examination and treatment of its patient, Plaintiff, Lisa J. Prince, following the completion of her surgery;
> (b) In failing to provide properly functioning equipment and gauges necessary for the performance of a Bier Block and application of a tourniquet.
> (c) In failing to provide an anesthesiologist to administer the

3

anesthesia and tourniquet to Plaintiff while she underwent surgery;
(d) By otherwise failing to exercise that degree of care to which the Defendant hospital was bound.

After filing her complaint, Plaintiff moved to amend the complaint to add Dr. Ramprasand as a defendant. The trial court granted the motion. Thereafter, on May 19, 1994, Plaintiff again moved to amend her complaint in order to add specific acts of negligence on the part of CMC, which are as follows:

(e) The Coffee Medical Center breached its duty of care to its patient, Lisa Prince, by failing to provide a physician anesthesiologist to the patient; and in the absence of a physician anesthesiologist, the Coffee Medical Center failed to assure that the operating surgeon, Dr. Mittur Ramprasand, was qualified and aware of his obligation to supervise the nurse anesthetist, Mr. Michael Cruz.
(f) The Coffee Medical center breached its duty of care to its patient, Lisa Prince, by allowing a Certified Registered Nurse Anesthetist to practice anesthesiology in its hospital in an unsupervised capacity.
(g) The Coffee Medical Center breached its duty to its patient, Lisa Prince, by failing to stock the appropriate anesthetic at the time of her surgery; and by allowing a registered nurse to independently prepare, compound and dispense drugs.
(h) The Coffee Medical Center breached its duty to its patient, Lisa Prince, by negligently failing to assure that Mrs. Prince's anesthesia care was supervised by an appropriate physician with special knowledge of anesthesia.

Initially, the trial court granted Plaintiff's's motion to amend, but later vacated its decision and denied the motion. In its memorandum opinion, the trial court reviewed the extensive discovery and pleadings that had occurred in the case and held that justice did not mandate the granting of the amendment. The trial court stated:

If, as counsel for the plaintiffs states on oral argument, the amendment does not change the cause or causes of action against the defendant, Coffee County Hospital, it is unnecessary. If it does change or add the cause of action, it triggers additional discovery and proof, and while the Court is aware that amendments are to be freely granted, it is, in this case, the opinion of the Court that justice does not mandate that the amendment should be granted.

Rule 15.01 Tenn. R. Civ. P. provides, "A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served...[o]therwise a party may amend his pleadings only by written consent of the adverse party or by leave of

4

court..." Although the rule provides that permission to amend may be liberally granted, the decision to amend lies within the sound discretion of the trial court, and will not be reversed absent a showing of abuse of discretion. Welch v. Thuan, 882 S.W. 2d 792, 793 (Tenn. App. 1994); Wilson v. Ricciardi, 778 S.W. 2d 450, 453 (Tenn. App. 1989); Merriman v. Smith, 599 S.W. 2d 548, 559 (Tenn. App. 1979).

The Tennessee Supreme Court has established several pertinent factors that a trial court should consider in deciding whether to grant or deny a motion to amend. These factors include "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Merriman, 599 S.W. 2d at 559.

After an extensive review of the record, we do not find any indication that the trial court abused its discretion in denying the motion to amend. Examining this case in the light of the above delineated factors, we find ample justification for the action of the trial court in denying such motion.

With respect to Plaintiff's allegations that CMC was negligent in failing to implement proper anesthetic standards and procedures, we hold that the original allegation, which stated that CMC was negligent "by otherwise failing to exercise that degree of care to which the Defendant hospital was bound," was sufficient to put CMC on notice of Plaintiff's claim. Tennessee's notice pleading requires a complaint to contain only minimum general facts that would support potential cause of action under Tennessee substantive law. A complaint is generally sufficient if it states facts supporting any theory of relief, even if the theory is different from that upon which the plaintiff intended to rely. LAWRENCE A. PIVNICK, TENNESSEE CIRCUIT COURT PRACTICE § 7-2, at 244-45 (3rd ed. 1991). Consequently, to permit Plaintiff to amend her complaint in order to allege that CMC was negligent in failing to establish adequate anesthetic policies and procedures would be a futile effort because it is unnecessary.

5

To the extent that Plaintiff attempts to amend her complaint in order to state a negligent credentialing claim against CMC, we agree with the trial court that granting the amendment would result in substantial prejudice to CMC. Plaintiff's motion to amend was filed more than four years after her original complaint was filed. It is our opinion that the general allegation of failure to exercise due care did not serve to place CMC on notice of Plaintiff's intent to pursue a negligent credentialing claim. A claim for negligent credentialing is distinct from a malpractice action and requires separate elements of proof. The trial court did not abuse its discretion in prohibiting Plaintiff from pursuing a new avenue of liability in litigation that has been pending for over four years in light of the fact that Plaintiff was previously allowed to amend her complaint and voluminous discovery, motions, and pleadings have been filed.

The next issue for review is whether the trial court erred in granting CMC's motion for summary judgment.

Summary judgment is to be rendered by a trial court only when it is shown that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. When a motion for summary judgment is used defensively, the plaintiff must present evidence sufficient to establish the essential elements of the claim on which he will bear the burden of proof at trial. Blair v. Allied Maintenance Corp., 756 S.W. 2d 267, 269-270 (Tenn. App. 1988) In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof. All of the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. Byrd v. Hall, 847 S.W. 2d 208, 211 (Tenn. 1993). If the court entertains any doubt as to whether a genuine issue of material fact exists, it is the court's duty to overrule the motion. Id. This court may not weigh the evidence when evaluating a motion for summary judgment. Id. When it is

6

necessary that the evidence be weighed, a trial should ensue because such issues are not properly capable of resolution on the basis of affidavits alone. Id. at 216.

The duty of a hospital is to exercise such reasonable care toward patients as the patients' conditions require. Keeton v. Maury County Hospital, 713 S.W. 2d 314, 316 (Tenn. App. 1986). In order to recover, a plaintiff must show that the hospital violated that standard of care. Id. at 317. The burden of proof is on the plaintiff to prove the standard of care, violation of that standard, and causation. T.C.A. § 29-26-115. Unless the alleged malpractice lies within the ordinary knowledge of a layman, there must be expert testimony as to the standard of care, breach of that standard, and causation. Coyle v. Prieto, 822 S.W.2d 596, 598 (Tenn. App. 1991); Stokes v. Leung, 651 S.W.2d 704, 706 (Tenn. App. 1982).

CMC supported its motion for summary judgment with the affidavit of Jane Hamby, R.N., who stated that CMC's nursing staff complied fully with the recognized standard of acceptable practice for nurses and that the tourniquet functioned properly.

In opposition to CMC's motion for summary judgment, Plaintiff filed the affidavits and deposition testimony of three experts. Dr. James A. Ramsey, an anesthesiologist who treated Plaintiff while she was hospitalized at St. Thomas Hospital, is a board certified anesthesiologist who practices in Nashville, Tennessee. He executed two affidavits, one of which states in pertinent part as follows:

> The Coffee Medical Center was negligent in failing to assure that Michael Cruz, Certified Registered Nurse Anesthetist, was supervised by an appropriate physician with special knowledge of anesthesia.

Dr. Ramsey stated in another affidavit as follows:

> In my opinion, the injury to Lisa Prince would not have occurred if the Coffee Medical Center had not breached its duty of care that it owed to its patient Lisa Prince, and assured that the operating surgeon was qualified to supervise the nurse anesthetist, and further, assured that the operating surgeon realized his obligation to supervise the nurse anesthetist...

7

Dr. William Bradley Worthington, another anesthesiologist who cared for Plaintiff testified that in the present situation, the standard of care required the surgeon to be responsible for supervising the CRNA.

James L. Massey, II, professor of hospital and health administration at Governors State University in Illinois, was the third expert to testify for Plaintiff. Mr. Massey testified that CMC was negligent in credentialing Dr. Ramprasand and Michael Cruz. Mr. Massey also testified that CMC breached the standard of care for hospitals through failing to review, update, and abide by the medical staff by-laws on credentialing, by failing to establish rules and regulations for anesthesia services and surgeon supervision of CRNA's, by failing to make certain that all surgeons were qualified sufficiently in anesthesia, by failing to establish policies and procedures for anesthesia services, by failing to insure that pre-surgical checks by nurses were made, and by failing to establish proper controls on the use of equipment.

Because we have ruled that Plaintiff may not pursue her negligent credentialing theory of recovery, Massey's testimony relating to a claim for negligent credentialing is immaterial. However, Massey also stated in his affidavit that CMC deviated from the standard of care through its "[f]ailure to specify that each surgeon has a responsibility to supervise anesthesia," its "[f]ailure to have policies and procedures for anesthesia," and its "[f]ailure to provide Lisa J. Prince with a preanesthesia evaluation." Massey's affidavit provides:

> Coffee Medical Center in this case failed to implement the proper standards both internally and nationally...[I]t is my opinion that those causal factors would have been avoided if proper hospital procedures and credentialing had been in place. As a direct result of Coffee Medical Center's breach of the appropriate hospital standards Lisa Prince sustained injury.

It is inappropriate for this Court to weigh the evidence in evaluating a motion for summary judgment. When the above evidence is viewed in a light most favorable to Plaintiff and all countervailing evidence is discarded, a genuine issue of material fact exists

8

in the present case.

Accordingly, we are of the opinion that the affidavits and testimony offered by Plaintiff in opposition to CMC's motion for summary judgment establish that there exists a genuine issue of material fact, thereby rendering summary judgment inappropriate. The order granting CMC summary judgment is reversed and this case is remanded to the trial court for such other and further proceedings as may be necessary. Costs on appeal are assessed equally against the parties.

_____HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
TOMLIN, Sr. J.