IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS OCTOBER 19, 2001

## PAUL FARNSWORTH a/k/a RONNIE BRADFIELD v. RICHARD KENYA

**Direct Appeal from the Circuit Court for Lake County**
**No. 97-7590; The Honorable R. Lee Moore, Jr., Circuit**

---

**No. W2001-00961-COA-R3-CV - Filed January 9, 2002**

---

This appeal arises from the Appellees' denial of the Appellant's request to marry during the Appellant's incarceration. The Appellant filed a complaint in the Circuit Court of Lake County against the Appellees for breach of contract and retaliation. The Appellees filed a motion to dismiss claiming that the Appellant failed to exhaust his administrative remedies and failed to state a claim for which relief can be granted. The Appellees filed a motion to stay discovery. The Appellant filed a motion for leave to amend his complaint. The Appellant sought to add new defendants and additional claims that were unrelated to his original claim. The trial court granted the Appellees' motion to dismiss. On appeal, this Court found that the trial court failed to rule on the motion to amend the original complaint. This Court dismissed the appeal on the basis that the order appealed from was not a final judgment.

The trial court entered an order granting the motion to stay discovery, denying the motion to amend the original complaint, and dismissing the case. The Appellant appeals the decision of the Circuit Court of Lake County granting the motion to stay discovery, denying the motion to amend the original complaint, and dismissing the case. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Paul Farnsworth, Henning, TN, *pro se*

Paul G. Summers, Attorney General & Reporter, Michael Moore, Solicitor General, Pamela S. Lorch, Assistant Attorney General, Nashville, TN, for Appellees

**OPINION**

## I. Facts and Procedural History

The Appellant, Paul Farnsworth aka Ronnie Bradfield ("Mr. Farnsworth"), is an inmate in the Lake County Regional Correctional Facility in Lake County, Tennessee. Since he was incarcerated, Mr. Farnsworth had been visited by Wanda Stinson ("Ms. Stinson"), who identified herself on Mr. Farnsworth's visitation records as his half-sister. Mr. Farnsworth's institutional file identified Tammy Williams ("Ms. Williams") as his wife.

In or around August, 1995, Mr. Farnsworth advised the Appellee, prison chaplain Richard Kenyon[1] ("Mr. Kenyon"), of his intention to marry Ms. Stinson. Mr. Kenyon provided the required forms to Mr. Farnsworth. Mr. Farnsworth returned the completed forms to Mr. Kenyon. Mr. Kenyon confirmed that Mr. Farnsworth was permitted to marry Ms. Stinson. On February 15, 1996, the Appellee, associate warden Stephen Dotson ("Mr. Dotson"), sent Mr. Farnsworth a letter informing him that the marriage scheduled for February 17, 1996 was not approved. Mr. Dotson informed Mr. Farnsworth that the marriage was not approved because Ms. Stinson was listed in the visitation records as his half-sister and his institutional file identified Ms. Williams as his wife. Mr. Dotson insisted that Mr. Farnsworth provide documentation to Mr. Kenyon that he was not already married to Ms. Williams and was not related to Ms. Stinson. Mr. Farnsworth failed to provide the requested information and failed to file a grievance with the grievance committee.

On January 31, 1997, Mr. Farnsworth filed a complaint in the Circuit Court of Lake County against the Appellees, two John Doe defendants, Mr. Kenyon, and Mr. Dotson ("the defendants"). The complaint alleged that the permission to marry given by Mr. Kenyon created a right to marry and a binding contract which was breached. The complaint further alleged that Mr. Kenyon cancelled the wedding in retaliation for Mr. Farnsworth's pending lawsuit against Mr. Dotson. The complaint sought compensatory and punitive damages. On March 3, 1997, the defendants filed a motion to dismiss in accordance with section 41-26-806 of the Tennessee Code because Mr. Farnsworth failed to file an affidavit stating that he filed a grievance as well as a copy of the final decision of the grievance committee. The defendants also asserted that Mr. Farnsworth failed to state a claim upon which relief can be granted because Tennessee law prohibits marriage between siblings and prohibits bigamy.

On March 7, 1997, Mr. Farnsworth filed a motion for extension of time to respond to the motion to dismiss claiming that he had the right to conduct discovery. On March 10, 1997, the trial court ordered Mr. Farnsworth to respond to the motion to dismiss on or before March 31, 1997. On March 11, 1997, the defendants filed the affidavit of Mr. Kenyon in support of the motion to dismiss. On March 24, 1997, the defendants filed a motion to stay discovery until the trial court ruled on the motion to dismiss. On April 1, 1997, Mr. Farnsworth filed an opposition in response to the motion to dismiss. Mr. Farnsworth submitted an unsworn affidavit in support of his opposition to the motion to dismiss. On May 13, 1997, Mr. Farnsworth filed an amendment to his original complaint

---

[1]Mr. Farnsworth identifies Mr. Kenyon as "Mr. Kenya." According to his affidavit, his correct name is Mr. Kenyon.

in which he attempted to add new defendants and allege new causes of action under the First Amendment and the Eighth Amendment which were unrelated to his original claim. On May 19, 1997, the defendants filed an opposition to the amendment to original complaint. On May 22, 1997, Mr. Farnsworth filed a motion for leave of court to amend his complaint.

On May 27, 1997, the trial court granted the motion to dismiss. On June 6, 1997, Mr. Farnsworth filed a notice of appeal. This Court found that the trial court failed to rule on the motion to amend the original complaint. This Court dismissed the appeal on the basis that the order appealed from was not a final judgment. On February 21, 2001, the trial court entered an order granting the motion to stay discovery, denying the motion to amend the original complaint, and dismissing the case pursuant to the May 27, 1997 order of dismissal. On March 7, 2001, Mr. Farnsworth filed a motion claiming that the trial court could not grant a motion to dismiss until he was allowed discovery and seeking to withdraw his *in forma pauperis* application in an attempt to make the administrative requirements pursuant to section 41-21-806 of the Tennessee Code inapplicable to this case. On March 20, 2001, the defendants filed a motion in opposition to the post-dismissal motion. On March 22, 2001, the trial court denied the post-dismissal motion. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

The following issues, as we perceive them, are presented for our review:

1. Whether Mr. Farnsworth was bound by section 41-21-806 of the Tennessee Code;
2. Whether Mr. Farnsworth should have been allowed discovery before his complaint was dismissed; and
3. Whether the trial court erred by denying Mr. Farnsworth's motion to amend his original complaint.

We will examine each issue in turn.

The first issue presented for our review is whether Mr. Farnsworth was bound by section 41-21-806 of the Tennessee Code. In 1996, the Tennessee Legislature enacted section 41-21-801 et seq. of the Tennessee Code which establishes requirements for lawsuits by inmates. Section 41-21-802 states that section 41-21-801 et seq. applies only to a claim brought by an inmate in which an

affidavit of inability to pay costs is filed with the claim.  See TENN. CODE ANN. § 41-21-802 (1996). Section 41-21-806(a) provides, in pertinent part:

> (a) An inmate who files a claim that is subject to review by the grievance committee established by the department shall file with the court an affidavit stating the date that the grievance was filed and the date the final decision was received by the inmate with a copy of the final decision from the grievance committee.

TENN. CODE ANN. § 41-21-806(a) (1996).

In the case at bar, the trial court dismissed Mr. Farnsworth's complaint on the basis that he failed to comply with section 41-21-806(a).

Mr. Farnsworth now claims for the first time on appeal that the requirements of section 41-21-801 et seq. are inapplicable to this case because he did not file his complaint *in forma pauperis*. From our review of the record, we find that Mr. Farnsworth failed to raise this issue in the trial court.[2]  An appellant may not raise an issue for the first time on appeal.  See State Dep't of Human Services v. Defriece, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996) (citing Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991); Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983)).  Because Mr. Farnsworth failed to raise this issue prior to the appeal, we find this issue is without merit.

The second issue presented for our review is whether Mr. Farnsworth should have been allowed discovery before his complaint was dismissed.  In cases involving lawsuits by inmates as in the case at bar, section 41-21-804(d) of the Tennessee Code requires the trial court to suspend all discovery upon the filing of a motion to dismiss asserting that a claim is frivolous or malicious.  See TENN. CODE ANN. § 41-21-804(d) (1996).  Section 41-21-804(b) sets forth several factors for courts to consider in determining whether a claim is frivolous or malicious, including "[t]he claim has no basis in law and in fact."  TENN. CODE ANN. § 41-21-804(b) (1996).  Because the defendants' motion to dismiss was based, in part, upon the assertion that Mr. Farnsworth's claim had no basis in law and in fact (*i.e.*, that Mr. Farnsworth failed to state a claim upon which relief can be granted), the motion to dismiss amounted to one that asserted Mr. Farnsworth's claim to be frivolous or malicious.  Thus, section 41-21-804 required the trial court in this case to suspend all discovery.  See Farnsworth v. Compton, No. 02A01-9809-CV-00257, 1999 WL 360567, at *3 (Tenn. Ct. App. June 7, 1999); Sweatt v. Compton, No. 02A01-9808-CV-00227, 1999 WL 95978, at *2 (Tenn. Ct. App. Feb. 25, 1999).  Accordingly, we find this issue is without merit.

---

[2]In fact, Mr. Farnsworth filed a post-dismissal motion in the trial court seeking to withdraw his *in forma pauperis* application.

-4-

The third issue presented for our review is whether the trial court erred by denying Mr. Farnsworth's motion to amend his original complaint. Rule 15.01 of the Tennessee Rules of Civil Procedure provides: "A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend his pleadings only by written consent of the adverse party or by leave of court." Although the rule provides that permission to amend may be liberally granted, the decision to amend lies within the sound discretion of the trial court, and will not be reversed absent a showing of abuse of discretion. See Welch v. Thuan, 882 S.W.2d 792, 793 (Tenn. Ct. App. 1994); Wilson v. Ricciardi, 778 S.W.2d 450, 453 (Tenn. Ct. App. 1989); Merriman v. Smith, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979).

In the case at bar, Mr. Farnsworth sought to amend his complaint to add new defendants and new causes of action that were wholly unrelated to his original complaint. We do not find any indication in the record that the trial court abused its discretion in denying the motion to amend. Accordingly, we affirm the trial court's decision denying Mr. Farnsworth's motion to amend his original complaint.

## IV.  Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Paul Farnsworth aka Ronnie Bradfield, and his surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE