# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 26, 2011 Session

## JERRY SIDES v. ROBERT E. COOPER, ATTORNEY GENERAL FOR THE STATE OF TENNESSEE, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
No. CT-004700-07      Gina C. Higgins, Judge

### No. W2011-00813-COA-R3-CV - Filed December 21, 2011

This appeal arises from the removal of Plaintiff's political signs from public property by employees of the Defendant City of Memphis pursuant to a sign ordinance. Plaintiff filed a complaint seeking a declaration that the sign ordinance was unconstitutional, and further alleged that he was entitled to damages for the removal and disposal of his signs under the Governmental Tort Liability Act ("GTLA"). The trial court granted partial summary judgment in favor of the City, upholding the constitutionality of the sign ordinance. Thereafter, Plaintiff filed a motion to amend the complaint to include additional claims challenging the constitutionality of the sign ordinance. In response, the City filed a motion for summary judgment arguing Plaintiff's remaining claims under the GTLA were time barred by the one-year statute of limitations. After conducting a hearing on the motions, the trial court denied Plaintiff's motion to amend the complaint, and granted the City's motion for summary judgment, resulting in dismissal of the action. After reviewing the record, we find that the trial court's grant of summary judgment in favor of the City was proper. Similarly, we find no abuse of discretion in the trial court's decision to deny Plaintiff's motion to amend. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Sam F. Cole, Jr., Memphis, Tennessee, for the appellant, Jerry Sides.

Philip Oliphant, Assistant City Attorney, Memphis, Tennessee, for the appellee, City of Memphis.

## MEMORANDUM OPINION[1]

### I. Background and Procedural History

In March 2006, Plaintiff Jerry Sides began posting political signs on public property in the City of Memphis as part of a campaign seeking a referendum to recall Mayor Willie Herenton from the upcoming election ballot. Shortly thereafter, City employees removed and disposed of a number of Plaintiff's signs pursuant to Memphis City Code section 10-12-9 (the "sign ordinance"),[2] which prohibits the posting of signs on public property. According to the City, from March 6 to May 18, 2006, they removed approximately fifty of Plaintiff's "Recall Herenton" signs from property owned or operated by the City.

On September 17, 2007, Plaintiff filed a complaint against the City and the State of

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Memphis City Code § 10-12-9 provides in part:

(B) No person shall post, stick, stamp, paint or otherwise fix, or cause the same to be done by any person, any notice, placard, bill, card, poster, advertisement or other paper or device calculated to attract the attention of the public, to or upon any public property, including but not limited to, any street, sidewalk, crosswalk, curb, or any other portion or part of any public way or public place or building, or any telephone pole, light standard, stop sign, railway structure, tree, bush or shrub, or upon any railings, gates, or other parts of any public bridge, viaduct, subway or overpass, or upon any other public property, right-of-way or easement granted to the city. No person shall remove, deface or otherwise tamper with any lawfully posted signs.
. . . .
(D) Each notice, placard, bill, card, poster, advertisement or other paper or device as referred to in subsection B of this section, found posted on public property in violation of this section shall be deemed to be a separate violation of this section. Each separate violation shall be punishable by a fine of fifty dollars ($50.00). In addition, in order to remediate the harm caused the city by violations of this section, the city shall be entitled to recover a penalty in an amount equal to the cost incurred in locating, removing and disposing of such material, provided however that such penalty shall not exceed two hundred dollars ($200.00).

Tennessee in Shelby County Circuit Court.[3]  Plaintiff's complaint sought a judgment declaring the sign ordinance unconstitutional as applied to him, and further alleged that he was entitled to damages for the removal and disposal of his signs under the GTLA.  After the trial court denied its motion to dismiss, the City filed an answer on November 21, 2007.

On July 17, 2008, the City filed a motion for summary judgment asking the trial court to uphold the constitutionality of the sign ordinance.  The City's motion further argued that Plaintiff's GTLA claims were time barred by the statute of limitations, and that Plaintiff failed to adequately allege negligence as required under the GTLA.  On December 12, 2008, the trial court granted summary judgment in favor of the City regarding the constitutionality of the sign ordinance, but denied summary judgment as to Plaintiff's GTLA claims.  The order, however, did not address the statute of limitations issue.  After protracted litigation and subsequent constitutional arguments raised by Plaintiff, the City filed a motion in limine seeking an order to prevent Plaintiff from presenting any evidence or testimony regarding the constitutionality of the sign ordinance.  On March 26, 2010, in light of its previous grant of summary judgment on the issue in favor of the City, the trial court granted the motion.

On January 3, 2011, Plaintiff filed a motion to amend his complaint to include additional constitutional challenges.  The City responded and also filed a motion for summary judgment arguing that Plaintiff's GTLA claims were time barred by the statute of limitations.  On March 4, 2011, after conducting a hearing on the motions, the trial court granted summary judgment in favor of the City and denied Plaintiff's motion to amend the complaint, resulting in dismissal of the action in its entirety.  Plaintiff timely filed a notice of appeal.

## II.  Issues Presented

Plaintiff presents the following issues, as we perceive them, for our review:

(1)     Whether the trial court erred by granting the City's motion for summary judgment based on the statute of limitations; and

(2)     Whether the trial court erred by denying Plaintiff's motion to amend the complaint to include additional constitutional challenges?

---

[3]The State of Tennessee was dismissed as a party by consent order on October 31, 2007.

# III. Discussion

## A. Summary Judgment

Plaintiff first argues that the trial court erred by granting the City's motion for summary judgment based on the statute of limitations. Rule 56 of the Tennessee Rules of Civil Procedure provides that a moving party is entitled to summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The grant of summary judgment is appropriate only if "the evidence and the inferences reasonably drawn from the evidence permit reasonable persons to reach only one conclusion—that the moving party is entitled to a judgment as a matter of law." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 82 (Tenn. 2010) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 801 (Tenn. 2010); *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). Because the grant or denial of a motion for summary judgment is a question of law, our standard of review is *de novo* with no presumption of correctness. *Kinsler*, 320 S.W.3d at 799 (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). "On appeal, we must freshly determine whether the requirements of Tenn. R. Civ. P. 56 have been met." *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn. 1997) (citing *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44–45 (Tenn. Ct. App. 1993)). "In doing so, we must consider the pleadings and the evidentiary materials in the light most favorable to the movant's opponent, and we must draw all reasonable inferences in the opponent's favor." *Hunter*, 955 S.W.2d at 51 (citing *Byrd v. Hall*, 847 S.W.2d 208, 210–11 (Tenn. 1993).

The case at bar involves a tort claim brought against a governmental entity, and therefore, it is governed by the GTLA. *See* Tenn. Code Ann. § 29-20-101 *et seq.* Under the GTLA, a cause of action against a governmental entity "must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b). Accordingly, the appropriateness of the trial court's grant of summary judgment in favor of the City depends on when Plaintiff's cause of action arose under the GTLA.

In support of its motion for summary judgment, the City supplied the trial court with the affidavit of Jean-Pierre Soucy, the Illegal Signs Department Manager for the Public Works Division of the City. In his affidavit, Mr. Soucy states:

> 6.      According to my detailed logs, between March 6, 2006 and May 18, 2006, my crew persons Anthony Williams and Andrew Wilburn removed over 50 signs bearing the words "Recall Herenton" and related phrases from median strips and public right-of-ways owned or maintained by the City of Memphis.

These signs were removed because they were in violation of Memphis Municipal Code § 10-12-9 which prohibits signs of any kind to be posted on any public property or public right of way. Their removal was part of a routine daily effort by me and my crew to keep the City's streets clean and uncluttered in conformity with the City Code.

. . . .

9.     During the months of March, April and May of 2006, I had considerable contact with Jerry Sides. After learning that he was the person primarily responsible for posting the "Recall Herenton" signs, I met with him and explained the City sign ordinance. We exchanged phone numbers and several times I called him as a courtesy to ask him to remove his illegally posted signs.

. . . .

11.    May 18, 2006 was the last day any of Mr. Sides's signs were either spotted or removed from the City's roadways by me or my crew.

Additionally, the City submitted the Plaintiff's deposition in support if its motion for summary judgment. In his deposition, Plaintiff states that he discovered the City was removing his signs from public property a few days after he began posting them in March 2006. Plaintiff's deposition further states that the effort to recall Mayor Herenton ended sometime in June or July of 2006. Relying on this evidence, the City argues that Plaintiff's claims under the GTLA were barred by the statute of limitations because he filed his complaint on September 17, 2007, and the only evidence of the City's involvement in the removal of Plaintiff's signs ended on May 18, 2006. In light of these factual allegations, we conclude that the City's motion for summary judgment was properly supported.

To satisfy his burden as the nonmoving party, Plaintiff responded to the City's motion for summary judgment by seeking to demonstrate that the City ignored evidence in the record that established the existence of a genuine issue of material fact. Plaintiff claimed the City ignored three affidavits produced by the City in support of its motion for summary judgment. First, the affidavit of Wynn Sorsby provided in part:

I know of the efforts of Jerry Sides to display and place political signs in the Memphis community that were anti-Mayor Willie Herenton signs. I helped to not only erect some of them on private property along streets in Memphis, but to also show and display such signs myself, including on Central Avenue near Christian Brothers University, at Union Avenue at McLean Street, Perkins Road and Summer Avenue, during the period from September, 2006 and into 2007.

Second, the affidavit of Gilbert Vickers provided in part:

> I know of the efforts of Jerry Sides to place and put out signs on real estate along streets in the City of Memphis in 2006 and 2007. I personally observed these anti- Mayor Herenton signs were taken up and removed at numerous locations on real estate in Memphis, TN.

Finally, the affidavit of Leith Latiker provided in part:

> I helped [Jerry Sides] put up anti Mayor Willie Herenton signs late in 2006 and on into the Summer of 2007 on real estate in Memphis, Tennessee all the way from Interstate 40 north through Stage Road and along Covington Pike, along Raleigh LaGrange Road, and also along Covington Pike and Elmore Road. I have many times observed and seen City of Memphis trucks bearing City tags on them coming to the areas where Mr. Jerry Sides' anti-Mayor Willie Herenton signs had been placed out on real estate and I observed city employees pulling up, removing, and taking away Jerry's signs, but leaving in place all other political and other commercial signs to stay upon those same real estate areas in Memphis.

Plaintiff also submitted the affidavits of Dorothy Porter and Doris Newbern to establish the existence of a genuine issue of material fact. Ms. Porter's affidavit provided in part:

> From 2005 through 2007 I volunteered to place political signs all over Memphis for Jerry Sides. During the last year that I took his political signs to erect in Memphis there was not a single day in 2007 that I did not erect his signs up until the last week in August of that year. When I put up Mr. Sides political signs, I would frequently go back to where I had placed the signs to see if they were still there. There were many times I went back to observe a Memphis City truck stopped there with a truck driver getting out and removing the signs I had put out.

Ms. Newbern's affidavit provided in part:

> During the years 2006 and 2007 I volunteered in placing out political signs for Jerry Sides in the City of Memphis. Whenever I erected Jerry's signs I placed them out on private property along city streets or in the grassy strips of land between the sidewalk and the street. Most of the occasions that I put out his signs were on week-ends, but I also placed them out for him on regular week-days, too. The last of these signs that I put up for Jerry was in July of 2007.

There were a number of occasions when I would come back to the locations where I put out these signs and observed a City of Memphis truck there with city employees pulling up the signs I had put out and hauling them away in the City of Memphis truck.

Plaintiff alleges that this additional evidence, together with the three affidavits ignored by the City, established the existence of a genuine issue of material fact regarding the time his cause of action arose under the GTLA.

After reviewing the evidence in the light most favorable to the Plaintiff, we conclude that there was not a genuine dispute concerning the time when the City removed Plaintiff's signs. Although the affidavits Plaintiff provided state that these individuals helped him post signs in Memphis within the one-year time frame provided by the statute of limitations, none of these affidavits implicate the City's involvement in removal of his signs during that time. At best, these affidavits state that the City removed Plaintiff's signs at some unknown date and time. The only dates Plaintiff provided merely state when the signs were posted, not when they were removed. Therefore, the only evidence provided to the trial court indicates that the City's removal of Plaintiff's signs ended on May 18, 2006, or at the latest in June or July 2006 when the effort to recall Mayor Herenton ended. As a result, since Plaintiff filed his complaint on September 17, 2007, we agree with the trial court's determination that Plaintiff's claims were barred by the one-year statute of limitations under the GTLA.

## B. Motion to Amend the Complaint

Next, Plaintiff argues that the trial court erred by denying his motion to amend the complaint to include additional claims challenging the constitutionality of the sign ordinance. The decision to grant or deny a motion to amend a pleading pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure[4] is within the sound discretion of the trial court, and this Court will not reverse such a decision absent an abuse of discretion. *Conley v. Life Care Centers of Am., Inc.*, 236 S.W.3d 713, 723 (Tenn. Ct. App. 2007) (citing *Fann v. City of Fairview*, 905 S.W.2d 167, 175 (Tenn. Ct. App. 1994)). A trial court abuses its discretion "only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against

_____

[4]Rule 15.01 of the Tennessee Rules of Civil Procedure provides in part:

A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). This standard does not permit an appellate court to substitute its judgment for that of the trial court. *Id.* (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)). Rather, the abuse of discretion standard "'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and thus 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). Moreover, when considering a motion to amend a pleading, the trial court may consider several factors including "lack of notice, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue delay in the filing of the motion, undue prejudice to the opposing party, and futility of the proposed amendment." *Conley*, 236 S.W.3d at 723-24 (citing *Hall v. Shelby Cnty. Ret. Bd.*, 922 S.W.2d 543, 546 (Tenn. Ct. App. 1995)).

After reviewing the record in light of these factors, we find ample support for the trial court's decision to deny Plaintiff's motion to amend. Although the trial court granted summary judgment in favor of the City regarding the constitutionality of the sign ordinance, and granted the City's motion in limine preventing Plaintiff from further challenging the constitutionality of the sign ordinance at trial, Plaintiff continued to argue that the sign ordinance was unconstitutional. Instead of challenging either of the trial court's orders upholding the constitutionality of the sign ordinance, Plaintiff filed a motion to amend the complaint to include additional constitutional challenges. We agree with the trial court's statement in the final order "that Plaintiff's motion to amend the complaint has no real substance in light of the prior pleadings, motions and arguments in this case." Not only was Plaintiff's proposed amendment futile, Plaintiff was aware of the existence of these additional constitutional challenges throughout the litigation, and his failure to raise them until more than three years after he filed his initial complaint further supports the trial court's denial of his motion. Moreover, because Plaintiff's GTLA claims were barred by the statute of limitations, we agree with the trial court's decision to cease to allow this already protracted litigation to continue. *See Welch v. Thuan*, 882 S.W.2d 792, 794 (Tenn. Ct. App. 1994) ("The futility of an amendment is clear when granting it would prolong the litigation, but almost certainly not lead to a different ultimate result."). Accordingly, we find no abuse of discretion in the trial court's decision to deny Plaintiff's motion to amend the complaint.

## IV.  Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.  Costs of this appeal are taxed to the Appellant, Jerry Sides, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE