Eugene F. HARRIS, and wife Edith L. Harris, Plaintiffs-Appellees,

v.

ST. MARY'S MEDICAL CENTER, INC., Defendant-Appellant.

Supreme Court of Tennessee, at Knoxville.

March 9, 1987.

Francis A. Cain, James E. Wagner, Robert L. Kahn, Knoxville, for defendant-appellant.

Michael E. Lundy, Knoxville, for plaintiffs-appellees.

## OPINION

RICHARD E. LADD, Special Justice.

This is an appeal of a medical malpractice case, wherein the original plaintiffs-appellees, Eugene F. Harris, et ux, sued the defendant-appellant, St. Mary's Medical Center, Inc. The trial Court dismissed the plaintiffs' suit against St. Mary's by motion, on the grounds of *res judicata.* Appellees then appealed to the Court of Appeals, and by judgment entered on May 23, 1986, the Court of Appeals reversed the trial court, and remanded for further proceedings.

This case was originally filed in the Circuit Court of Knox County, by Mr. and Mrs. Harris against St. Mary's Medical Center, Inc., and James Tucker Montgomery, M.D. The plaintiffs alleged that Dr. Montgomery was negligent in his treatment of the plaintiff on March 20, 1979, and during subsequent treatment of the plaintiff on March 23, 1979. The only allegation of negligence in the original complaint against defendant St. Mary's was vicariously through the acts of Dr. Montgomery, alleging that he was the agent of the Hospital.

Some months later, St. Mary's filed a motion for summary judgment on the grounds that Dr. Montgomery was an independent contractor, and this was supported by various affidavits. The plaintiff filed a counter-affidavit stating that the two dates of treatment were March 20, 1979, and March 28, 1979 (not March 23, 1979, as originally alleged in the complaint).

By order filed October 13, 1982, the trial judge dismissed St. Mary's on its motion. No reason was given for the granting of the summary judgment motion, nor is there a transcript of the hearing on the motion for summary judgment.

The plaintiff then proceeded with a jury trial on November 29, 1982, against Dr. Montgomery, resulting in a jury verdict in favor of the defendant, Dr. Montgomery. After a timely motion for new trial was overruled, plaintiff appealed to the Court of Appeals both as to the trial judge's sustaining St. Mary's motion for summary judgment and to the jury verdict in favor of Dr. Montgomery.

By judgment of January 20, 1984, the Court of Appeals affirmed the jury verdict in favor of Dr. Montgomery, but reversed the trial court's decision dismissing St. Mary's by summary judgment, holding that it was a question of fact whether Dr. Montgomery, at the time in question, was an agent or employee of St. Mary's. The Court of Appeals did hold that any cause of action against St. Mary's based on acts of Dr. Montgomery would be barred by the judgment already rendered in Dr. Montgomery's favor. No appeal was sought to this court by either party.

On remand to the trial court, defendant St. Mary's filed a motion to dismiss on the

grounds of *res judicata* and attached a copy of the Court of Appeals' decision. On March 4, 1985, a "Motion to Reconsider and for Leave To Amend Complaint to Conform to Evidence" and an "Amended Complaint" was filed by the plaintiffs alleging negligent treatment at St. Mary's Emergency Room on initial treatment, and on March 28, 1979, by agents and employees of St. Mary's.

On March 14, 1985, an order of the trial court was entered sustaining St. Mary's motion to dismiss because the cause of action was barred by the doctrine of *res judicata*, in that the only acts complained of by the plaintiff in the complaint were those of Dr. Montgomery, and a jury verdict in favor of Dr. Montgomery had already been entered and affirmed by the Court of Appeals. This order reflects proceedings from a hearing that took place on February 15, 1985. Once again, there is no record of what took place at such hearing, except as reflected by this order.

On April 9, 1985, an order was filed in the trial court reflecting proceedings in the Court at a hearing on March 15, 1985. In this order the trial Court allowed the amended complaint filed by the plaintiffs on March 4, 1985, but then went further and held that the case was still barred by the doctrine of *res judicata* and dismissed plaintiffs' case.

This order does not specifically refer to the portion of Plaintiffs' motion seeking to "amend the pleadings to conform to the evidence" pursuant to Rule 15.02, *TRCP*. However, it would have been error for the trial court to grant such amendment, because an amendment under Rule 15.02 can only be granted as to issues "... tried by express or implied consent of the parties ...", and St. Mary's was not a party to the trial in November, 1982, because it had previously been dismissed by summary judgment.

Apparently, the trial judge overlooked the fact that the proof at the trial in November, 1982, and the affidavits offered at the Summary Judgment hearing developed the fact that the Plaintiff was treated on March 28, 1979, by a second Emergency Room physician, Dr. Harry L. Ogden, and not by Dr. Montgomery.

On April 8, 1985, a second motion to amend complaint was filed by the plaintiffs, seeking to join additional party defendants and making certain additional allegations concerning treatment of the plaintiff on March 28, 1979. This motion was overruled and denied by the trial court by order entered May 8, 1985, from which the original plaintiff has not sought an appeal.

The plaintiff then sought a second appeal to the Court of Appeals, and by opinion issued May 23, 1986, the Court of Appeals reversed the trial court's dismissal of plaintiffs' suit. The reason for the reversal was that the amended complaint alleged negligent acts by agents and employees of St. Mary's other than Dr. Montgomery on the dates in question, March 20, 1979, and March 28, 1979. However, the Court of Appeals once again held that no cause of action exists against St. Mary's predicated on acts by Dr. Montgomery under the doctrine of collateral estoppel.

Appellant, St. Mary's, insists that the Court of Appeals erred in at least three ways: (1) in its application of Rule 15, *TRCP;* (2) in its application of the doctrine of vacarious liability; (3) in its application of the doctrine of *res judicata*.

■ Rule 15 of the *Tennessee Rules of Civil Procedure*, provides in part, "... otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of Court; and leave shall be freely given when justice so requires ...". Whether to allow amendments to pleadings is in the sound discretion of the trial court. Amended pleadings may be filed before trial, after trial, or even after appeal so long as the trial court has jurisdiction and so long as the trial court does not abuse its discretion in allowing the amendment.

■ Rule 15 of the *Federal Rules of Civil Procedure* is very similar to Tennessee Rule 15. As one authority stated "unless the appellate court's adjudication precludes amendment or the appellate court itself grants leave to amend, the grant or

denial of an amendment is within the sound discretion of the district court." *3 Moore, Federal Practice*, 15.11 (2nd Ed.). The Court still had jurisdiction of the case when the order allowing the amendment was entered by the trial judge on April 9, 1985. The amendment read:

Plaintiff, Eugene F. Harris, alleges that on both the occasion of his initial treatment at the emergency medical facilities operated by the defendant, St. Mary's Medical Center, Inc., and his subsequent return for treatment as aforesaid on March 28, 1979, he came under the care, custody and control of various agents and employees of the defendant, St. Mary's Medical Center, Inc., in that all emergency room physicians, nurses, and attendants present and assisting in the treatment of the plaintiff on both such occasions were employed by or selected by the defendant, St. Mary's Medical Center, Inc., for the express purpose of staffing and operating its facility which was represented to the plaintiff and other members of the general public to be an authorized and proper facility for providing emergency medical service.

The plaintiff, Eugene F. Harris, would further show that the failure of the subject physicians and those assisting them in the provision of emergency medical care and services to properly ascertain the extent of the plaintiff's injuries and to discover the extent of the same and, further, to provide competent medical care in order to minimize the extent of his injuries constitute the direct and proximate cause of the plaintiff's injuries, losses and damages and that the said negligent acts or omissions occurred while said physicians, nurses, and/or supporting personnel were acting within the scope of their duties as the designated staff of the St. Mary's Medical Center emergency treatment facility and were designated by the defendant, St. Mary's, to perform said actions which are a necessary and integral part of the operation of such facility.

The defendant, St. Mary's, did not object to this amended complaint, but even if it had, we find that the trial Court did not abuse its discretion, and in the interests of justice it was proper to allow the amended complaint as set forth above.

■ However, once the amended complaint was allowed by the trial judge, he was in error in dismissing plaintiff's case on the doctrine of *res judicata*, because Dr. Montgomery was not the physician who treated the plaintiff on March 28, but instead only saw the plaintiff during his initial treatment on March 20, 1979. As stated by the Court of Appeals, the plaintiff is barred from proceeding against St. Mary's due to any alleged negligent acts of Dr. Montgomery, because a finding of no negligence on the part of the servant releases the master from vicarious liability. *Gibson Lumber Co. v. Neely Coble Co., Inc.*, 651 S.W.2d 232 (Tenn.App., 1983).

■ The doctrine of "collateral estoppel", an extension of the principle of *res judicata*, applies since the same facts and questions "... may not again be litigated in a subsequent action *between the same parties or their privies* ..." (emphasis added). *Booth v. Kirk*, 381 S.W.2d 312 (Tenn.App.1964). Privity within the meaning of the doctrine of *res judicata* is privity as it exists in relation to the subject matter of the litigation. Clearly, there was privity between St. Mary's and Dr. Montgomery under plaintiffs' allegations of employer-employee relationship between the hospital and the doctor. However, the plaintiff, under the amended complaint, should have an opportunity to prove his cause of action against any other agents or employees of St. Mary's during the treatment on March 20, and 28, 1979.

Defendant, St. Mary's, argues as a collateral issue under the Court of Appeals' interpretation of the Rule 15 amendment, that the amendment should be denied on the grounds of the statute of limitations. The statute of limitations is a special plea which has never been pled by the defendant, and it would be premature to attempt to decide in this Court an issue that has never been raised in the trial court.

We, therefore, affirm the Court of Appeals' finding that the trial court was in

error in dismissing plaintiffs' lawsuit under its amended complaint alleging that the agents or servants of St. Mary's were negligent in their treatment of the plaintiff on March 20 and 28, 1979. We also affirm the Court of Appeals holding that plaintiff is barred from proceeding on any cause of action based on alleged negligent acts of Dr. Montgomery since that issue has already been determined by a jury and affirmed by the Court of Appeals and is final. We make no findings, as it would be premature, as to whether the amended complaint relates back to the original filing date of the complaint under Rule 15.02 *TRCP*, and the possible plea of the statute of limitations. Likewise, it is an issue of fact for the trial court whether Dr. Ogden was the agent or employee of St. Mary's at the time in question.

The cause is remanded to the trial Court for further proceedings.

All costs incident to the cause are taxed to the appellant, St. Mary's Medical Center, Inc.

BROCK, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.