IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 10, 2009 Session

ROBERT DANIELS and PEGGY DANIELS, v. MICHAEL D. WRAY

Direct Appeal from the Circuit Court for Cannon County
No. 453     Hon. J. Mark Rogers, Judge

No. M2008-01781-COA-R3-CV - Filed May 21, 2009

Plaintiff filed this action for damages for injuries sustained in an automobile accident. Defendant answered, denying liability, and subsequently filed a Tenn. R. Civ. P. 15 to amend and make claim for personal injuries and property damage as a result of the accident. The Trial Court allowed the amendment as to property damages, but refused to allow defendant to assert the claim for personal injuries on the grounds *inter alia* that the statute of limitations had run on the personal injury claim prior to the filing of the Motion to Amend. The property damage claim was settled, but the refusal to allow the amendment has been appealed to this Court. We hold that the Trial Court abused its discretion in refusing to allow the amendment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Robert P. Gritton, Murfreesboro, Tennessee, for Appellant, Michael D. Wray.

Alan M. Sowell and Nathaniel K. Cherry, Nashville, Tennessee, for Unnamed Appellee, Direct General Insurance Company.

# OPINION

## Background

Plaintiffs filed a Complaint on November 10, 2005, alleging that on February 23, 2005, defendant's vehicle collided with their vehicle and that Ms. Daniels received serious and disabling injuries and also sued for property damage.

On December 22, 2005, defendant answered, denying he was negligent, and asserted the affirmative defense of comparative fault. Later defendant filed a Motion to Amend on November 9, 2006, seeking to add a counterclaim, which charged that plaintiffs were negligent in their operation of their vehicle, that he was injured as a result, and sought damages.

Plaintiffs opposed defendant's Motion, asserting defendant's answer was filed in December 2005, but defendant did not seek to amend same to add a counterclaim until November 2006. Plaintiffs claimed undue delay, and that they would be prejudiced with the amendment occurring so close to trial.

The Trial Court entered an Order Denying Defendant's Motion to Amend, finding that plaintiffs' counsel had been notified by defendant's counsel in December 2005 that he would be asserting a claim for damages, but that the statute of limitations on claims for personal injuries as to the accident ran on February 23, 2006. Further, that depositions were taken in August 2006, but the Motion to Amend was not filed until November 2006. The Court found that at the time the Motion to Amend was heard, the case had not yet been set for trial, and no medical proof had been taken.

The Court stated that it had considered all applicable statutes, rules and authorities, and concluded that the amendment should be denied because it was untimely due to the undue delay in filing the amendment and undue prejudice to the plaintiff. The Court found specifically that plaintiffs were prejudiced because they could have prepared differently for the depositions if the amendment had been filed earlier. The Court, however, did allow defendant to amend to add a claim for property damage, since the statute of limitations for property damages had not yet run.

Plaintiffs entered a voluntary nonsuit as to their claims, prior to trial, and the parties entered an agreed Order of Compromise and Settlement of Defendant/Counter-Plaintiff's Counterclaim for Property Damage, stating that the counterclaim for property damage was settled and was dismissed with prejudice. The Court then entered an Order dismissing plaintiffs' claims against defendant without prejudice. This appeal ensued.

The issue presented on appeal is whether the Trial Court erred in denying defendant's Motion to Amend, when the parties had not yet completed discovery, had not taken medical proof, and the case was not set for trial?

Defendant argues the Trial Court erred in denying his Motion to Amend, which sought to add his counterclaim for personal injury damages. He pointed out that he alleged comparative fault in his timely answer, and notified plaintiffs by letter that he intended to assert a counterclaim as early as December 2005, and thus plaintiffs had notice of the cause of action and the parties' respective faults were at issue. Defendant argues the delay in filing made no difference in the taking of the discovery depositions, as fault was clearly the main issue, and that at the time the amendment was sought discovery had not been completed and the case was not set for trial.

Appellee argues the Trial Court's grant or denial of a motion to amend is within the Court's sound discretion, and should be reversed only upon a showing of abuse. *Merriman v. Smith*, 599 S.W.2d 548 (Tenn. Ct. App. 1980).

We have previously explained the abuse of discretion standard and characterized it as "a review-constraining standard that calls for less intense appellate review" and, therefore, less likelihood the trial court's decision will be reversed. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). Our Supreme Court also discussed the abuse of discretion standard in *Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn. 2001), wherein it was stated:

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge,* 42 S.W.3d at 85.

The grant or denial of a motion to amend a pleading is discretionary with the trial court. *Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 904 (Tenn. 1987). Generally, "trial courts must give the proponent of a motion to amend a full chance to be heard on the motion and must consider the motion in light of the amendment policy embodied in Rule 15.01 of the Tennessee Rules of Civil Procedure that amendments must be freely allowed; and, in the event the motion to amend is denied, the trial court must give a reasoned explanation for its action." *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 238 (Tenn. 1993). Although permission to amend should be liberally granted, the decision "will not be reversed unless abuse of discretion has been shown." *Welch v. Thuan*, 882 S.W.2d 792, 793 (Tenn. Ct. App.1994). Factors the Trial Court should consider when deciding whether to allow amendments include "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App.1979).

In *Branch v. Warren*, 527 S.W.2d 89 (Tenn. 1975), the Supreme Court discussed Rule 15.01 of the Tennessee Rules of Civil Procedure, stating:

The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge. Indeed, the statute (§ 20-1505, T.C.A.) which conferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. That rule needs no construction; it means precisely what is says, that "leave shall be freely given."

*Id*. at 91-92. Later, in *Gardiner v. Word*, 731 S.W.2d 889, 891 (Tenn. 1987), the Court reaffirmed that trial courts were required to be liberal in allowing pretrial motions to amend. In a case decided by this Court which recognized that liberality was required, a plaintiff was allowed to amend a complaint three months before trial, and three years after the complaint was first filed. *See Weston v. Community Baptist Church*, 2007 WL 394644 (Tenn. Ct. App. Feb. 5, 2007). This Court stated:

In the case before us, the church was long aware that Ms. Weatherly and, later, her heirs sought return of the money the Weatherlys had provided to pay off the mortgage on the land. The church was also long aware that the Weatherlys relied in part on the amendment of the church's constitution that provided for return of the money or transfer of the land to the Weatherlys upon the occurrence of specified circumstances. Throughout the litigation the church contended the money was a gift. In her amendment to the complaint, Ms. Weston agreed with the church that the money was a gift, but alleged it was conditioned on the circumstances described in the church's revision to its constitution. No new evidence was required to resolve the issue. In other words, the amendment did not implicate additional evidence of which the church had been unaware and did not change the relief sought. See *Hunt v. Temco, Inc.*, 452 S.W.2d 879, 888 (Tenn. Ct. App. 1969)(late-filed amendment asserting quantum meruit theory of recovery for first time permitted because (1) same evidence could have been used to support either quantum meruit or contract pleadings and (2) the measure of damages was the same for each theory). Consequently, we can find no prejudice to the church's ability to defend the lawsuit due to the amendment of the complaint. The church was unable to point to any.

In the case before us, the same evidence would have been used if the amendment had been allowed, because the issue of who was at fault in this accident was the pivotal issue from the outset. Plaintiffs admitted they had notice from the beginning that defendant felt they were at fault and that he intended to file a claim against them. Thus, while the Court found it significant that the depositions of the parties had already been taken, fault was the only issue explored during those depositions. The record does not demonstrate that plaintiffs were prejudiced in a "wasted" discovery or preparations for depositions, or that they would have prepared differently if the counterclaim had been filed.

There was also no showing that plaintiffs were prejudiced by the delay of defendant's sought amendment, as discovery was still going on, and the case had not yet been set for trial. Clearly, the Trial Court based its ruling on the fact that the statute of limitations as to personal injury claims had run. The Trial Court specifically listed this as a basis for its decision, and allowed defendant to file a counterclaim for property damage. But the statute of limitations is not one of the factors listed to consider in making such determinations, and further, such could have been the case even if the counterclaim was part of the original answer, if plaintiffs had filed their claims on the last day before the statute ran.[1] It was inappropriate for the Trial Court to rely upon the statute of limitations statute as a basis to deny defendant's Motion to Amend. The Trial Court specifically found that the factors of bad faith, futility, etc., had no applicability here. The other factors relied upon by the Court, i.e. undue delay and prejudice to plaintiffs, are not supported by the record. Thus, the Trial Court clearly "applied an incorrect legal standard", and "reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *See Eldridge*. We hold the Trial Court abused its discretion in failing to allow defendant to amend his answer, and reverse the Trial Court's ruling on this issue.

The cause is remanded for further proceedings consistent with this Opinion, and the cost of the appeal is assessed to the unnamed appellee, Direct General Insurance Company.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1]Tenn. Code Ann. § 28-1-114 states: "A counterclaim or third-party Complaint or cross-claim is not barred by the applicable statute of limitations or any statutory limitation of time, however characterized, if it was not barred at the time the claims asserted in the Complaint were interposed." While appellee suggests the reason for this statute is to allow a counterclaim where a plaintiff waits until the last possible date to bring an action before the statute expires, clearly the statute is not limited to such theoretical facts.