# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 15, 2013

## HEATHER MICHELE COHEN and ADAM LEE COHEN v. TRISHA CLARKE and MICHELLE JULIAN

**Direct Appeal from the Circuit Court for Williamson County**
**No. 2012-70      Derek Smith, Judge**

---

**No. M2012-02249-COA-R3-CV - Filed January 10, 2014**

---

This is an appeal of the trial court's dismissal of Appellants' defamation lawsuit. The trial court granted Appellees' motions to dismiss under both Tennessee Rule of Civil Procedure 12.02(6), and under Tennessee Rule of Civil Procedure 41.02, for violation of Tennessee Rules of Civil Procedure 11 and 45. We conclude that the trial court erred in granting the Rule 12.02 motion when the Appellants' motion to amend their pleadings was still pending. We further conclude that the trial court's stated reasons for granting the Rule 41.02 motion are not sufficient to justify the drastic sanction of dismissal. Accordingly, we vacate the trial court's order and remand for further proceedings. Vacated and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Joe Napiltonia, Franklin, Tennessee, for the appellants, Heather Michele Cohen and Adam Lee Cohen.

## OPINION

On February 10, 2012, Heather Michele Cohen and Adam Lee Cohen (together, the "Cohens," or "Appellants"), acting *pro se*, filed their original complaint for defamation, slander, and libel against Lorna Reynolds, Trisha Clarke, and Michelle Julian.[1] As discussed

---

[1] There is some confusion in the record as to whether Ms. Julian's first name is spelled Michele or
(continued...)

below, the trial court did not adjudicate the case *vis* Ms. Reynolds because she was not present at the hearing and did not file any responsive pleadings; however, the trial court did make its judgment final and appealable as to Ms. Clarke and Ms. Julian by inclusion of Tennessee Rule of Civil Procedure 54.02 language, *see infra*. Accordingly the only Appellees in this appeal are Ms. Clarke and Ms. Julian. The Cohens filed an amended complaint on February 14, 2012. In the amended complaint, the Cohens alleged that the named defendants had engaged in defamatory statements against the Cohens on an internet public forum known as Topix.

On June 15, 2012, Defendant Michelle Julian filed a motion to dismiss the amended complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6). Specifically, Ms. Julian alleged that the amended complaint did not specify any statements that could be construed as defamatory, and further that the amended complaint did not allege actual damages. The Cohens opposed Ms. Julian's motion. On June 19, 2012, the Cohens filed a motion for leave to file a second amended complaint to add additional allegedly defamatory statements, which Ms. Julian allegedly made after the first amended complaint was filed. The trial court's failure to rule on June 19, 2012 motion for leave to amend will be discussed in detail below. On June 29, 2012, Ms. Julian filed a second motion to dismiss the first amended complaint pursuant to Tennessee Rule of Civil Procedure 41.02(1), based upon the Cohens' alleged violations of Tennessee Rule of Civil Procedure 11 and 45 during discovery. The Cohens also opposed this motion.

The only correspondence in the appellate record concerning the named-defendant Lorna Reynolds is a letter that was filed in the trial court on August 3, 2012. Therein, Ms. Reynolds explains that she is unable to attend the hearing on the case, but does not otherwise join in either of Ms. Julian's motions to dismiss the amended complaint. However, on July 26, 2012, Defendant Trisha Clarke filed a notice that she wished to join in Ms. Julian's motions to dismiss. The trial court granted Ms. Clarke's motion, and the motions to dismiss were heard on August 6, 2012. By order of August 27, 2012, the court granted both the Rule 12.02(6) motion and the Rule 41.02 motion, stating, in relevant part:

> Before the Court is (1) Defendant Michelle Julian's July 15,
> 2012 motion to dismiss for failure to state a claim upon which
> relief may be granted, Tenn. R. Civ. P. 12.02(6); (2) Defendant
> Michelle Julian's June 29, 2012 motion to dismiss pursuant to
> Rule 41.02(1), Tenn. R. Civ. P., for discovery abuses; and (3)

---

[1](...continued)
Michelle. For the sake of consistency, we will use Michelle in this Opinion. This is the spelling used in the substantive motions filed in the trial court.

Defendant Trisha Clarke's notice of joining of defendant Michelle Julian's motion to dismiss for discovery abuses . . . .

The court has considered the motions, responses and arguments and is of the opinion that the motions are well taken and they are therefore GRANTED. The court specifically finds that the motion to dismiss for failure to state a claim (which Defendant Clarke joined orally at the August 6, 2012 hearing as to failure to plead damages) is well taken because the Plaintiff[s] failed to state a claim for defamation (libel) against Defendant Julian and failed to sufficiently plead damages as to Defendants Julian and Clarke in that Plaintiffs failed to plead that any member of their community actually read the alleged libelous postings on the internet message board, Topix.

The Court further finds that the Plaintiffs committed discovery abuses by (1) sending the Court an ex-parte letter in which the Plaintiffs plead with the Court to assist them in prevailing in their claims against the Defendants thereby violating Rule 11's requirement that documents are not submitted to the Court for any improper purpose; and (2) violating Rule 45 as a result of failing to copy counsel of record on the issuance of the subpoenas and the resulting documents obtained therefrom.

To su[mmarize], Plaintiffs' claims against Defendants Julian and Clarke are hereby DISMISSED with prejudice.

The Court would note that this matter is still pending against the Defendant Lorna Reynolds who was not present at the hearing and who did not file any dispositive motions. However, the Court further expressly determines pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure that no just reason for delay exists as to the entry of judgment in favor of these Defendants. Thus, the Court directs the clerk to enter judgment in favor of Defendants Julian and Clarke. The matter of costs will be reserved until the entry of final judgment where they will ultimately be taxed either [to] the Plaintiffs or Defendant Lorna Reynolds.[2]

---

[2] Tennessee Rule of Civil Procedure 54.02 provides that:

When more than one claim for relief is present in an action, whether as a

(continued...)

On September 4, 2012, the Cohens filed a motion to alter or amend the trial court's order. As grounds for their motion, the Cohens argued, *inter alia*, that the trial court had erred in dismissing their complaint while a motion to amend the complaint was pending, and that the court had also erred in granting the Rule 41.02 motion to dismiss based upon the letter that the Cohens had sent to the trial judge. By order of October 1, 2012, the trial court denied the motion to alter or amend, stating only that "[a]fter due consideration, the court finds that the motion is without merit." The Cohens appeal; they raise four issues for review as stated in their brief:

> 1. The Court erred when it failed to consider Plaintiffs' Motion to Amend the Complaint pursuant to Rule 15 of the Tennessee Rules of Civil Procedure while a Rule 12.02(6) motion to dismiss was pending.
> 2. The Court erred when it dismissed the case because Plaintiffs, proceeding *pro se*, failed to serve copies of the subpoenas on the Defendants.
> 3. The Court erred when it dismissed the case because Plaintiff Heather Cohen, proceeding *pro se*, wrote a letter to the Court.
> 4. The Court erred when it dismissed the case on Defendants' Rule 12.02(6) motion to dismiss for failure to state a claim for defamation (libel) and based on the misplaced notion that Plaintiffs did not plead damages.[3]

As set out in its order, *supra*, the trial court granted both of the Appellees' motions to dismiss. In other words, the trial court's dismissal of the Cohens' lawsuit was based upon two grounds. First, the court dismissed the lawsuit pursuant to Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim for which relief may be granted. Next, the trial

---

[2](...continued)
claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

[3] We note that neither Appellee has filed a responsive brief in this appeal.

court dismissed the case under Tennessee Rule of Civil Procedure 41.02 for violation of Tennessee Rules of Civil Procedure 11 and 45. Because of this dual disposition, we perceive that there are two issues in this case, which we state as follows:

> 1.     Whether the trial court erred in granting Appellees' Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim upon which relief may be granted when a motion to amend the complaint was pending.
>
> 2.  If so, whether the trial court also erred in granting Appellees' Tennessee Rule of Civil Procedure 41.02(1) motion to dismiss on grounds of violation of Tennessee Rules of Civil Procedure 11 and 45?

Before addressing these issues, we first note that although they are represented by counsel at the appellate level, the Cohens acted *pro se* throughout the proceedings in the trial court. However, it is well settled that *pro se* litigants must comply with the same standards to which lawyers must adhere. As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010–01401–COA–R3–CV, 2011 WL 3566978, at \*3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

**Grant of Rule 12.02(6) Motion while Motion to Amend the Complaint was Pending**

Appellants first contend that the trial court erred in granting the Appellees' Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss the amended complaint before it ruled on Appellants' pending motion to file a second amended complaint filed on June 19, 2012.

Generally, trial courts must give the proponent of a motion to amend a full chance to

be heard on the motion and must consider the motion in light of the policy to freely allow amendments:

> The grant or denial of a motion to amend a pleading is discretionary with the trial court. ***Harris v. St. Mary's Med. Ctr., Inc.***, 726 S.W.2d 902, 904 (Tenn. 1987). Generally, trial courts must give the proponent of a motion to amend a full chance to be heard on the motion and must consider the motion in light of the amendment policy embodied in Rule 15.01 of the Tennessee Rules of Civil Procedure that amendments must be freely allowed; and, in the event the motion to amend is denied, the trial court must give a reasoned explanation for its action. ***Henderson v. Bush Bros. & Co.***, 868 S.W.2d 236, 238 (Tenn. Workers' Comp. Panel 1993). Although permission to amend should be liberally granted, the decision "will not be reversed unless abuse of discretion has been shown." ***Welch v. Thuan***, 882 S.W.2d 792, 793 (Tenn. Ct. App.1994). Factors the trial court should consider when deciding whether to allow amendments include "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." ***Merriman v. Smith***, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979).

***Cumulus Broadcasting, Inc. v. Shim***, 226 S.W.3d 366, 374 (Tenn. 2007). As noted above, although permission to amend a pleading should be liberally granted, the decision will not be reversed unless an abuse of discretion has been shown. ***Id***. Under the abuse of discretion standard, the trial court's decision "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." ***Camp v. Camp***, No. W2010-01037-COA-R3-CV, 2011 WL 2567542, at *5 (Tenn. Ct. App. June 29, 2011) (quoting ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001)). The abuse of discretion standard involves "a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." ***Lee Medical, Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010) (citing ***Beard v. Bd. of Prof'l Responsibility***, 288 S.W.3d 838, 860 (Tenn. 2009)). The standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives." ***Lee Medical, Inc.***, 312 S.W.3d at 524 (citing ***Overstreet v. Shoney's, Inc.***, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999)). Accordingly, appellate courts are not permitted to "second guess" the trial court's determinations or to substitute their judgment for that of the trial court. ***Lee Medical, Inc.***, 312 S.W.3d at 524 (citing ***White v. Vanderbilt***

*Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)). "The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny." *Lee Medical, Inc.*, 312 S.W.3d at 524 (citing *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002)).Furthermore, as noted above, in the event a motion to amend is denied, the trial court must give a reasoned explanation for its action. *Cumulus Broadcasting*, 226 S.W.3d at 374; Tenn. R. Civ. P. 15.01.

We have reviewed the record and there is no indication that the trial court gave any explanation for its failure to rule on the Cohens' motion to file a second amended complaint. In fact, it does not appear that the trial court ever gave the Cohens an opportunity to be heard on the motion. Even in its order denying the Cohens' motion to alter or amend the order of dismissal, in which the Cohens specifically raised the issue of the trial court's failure to rule on their motion to amend, the trial court simply denies the motion to alter or amend without explanation as to why it did not rule on the motion to amend. Implicitly, in failing to rule on the motion to amend, the trial court denied that motion. Ostensibly, a trial court's denial of a motion to amend is similar to the granting of a motion to dismiss a complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6) on the ground that it fails to state a claim upon which relief can be granted. "In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997) (citing *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994)).

In *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236 (Tenn. Workers' Comp. Panel 1993), the Court set aside a trial court's grant of summary judgment, concluding that the trial court abused its discretion by granting summary judgment before considering a pending motion to amend. *Id*. at 238. In so ruling, the *Henderson* Court cited the United States Supreme Court's opinion, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), wherein the Court stated:

> [T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.[4]

---

[4] The Federal Rule of Civil Procedure 15(a) is essentially the same as the Tennessee Rule of Civil Procedure 15.01, and even though federal decisions are not binding upon the state courts, we find assistance in reviewing cases concerning rules of procedure that have been in effect in the federal courts for many years.

The ***Henderson*** Court further cited the Sixth Circuit case of ***Marks v. Shell Oil Co.***, 830 F.2d 68, 69 (6th Cir. 1987), wherein the Court noted:

> Given the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred. The court in ***Espey*** [ ***v. Wainwright***, 734 F.2d 748 (11th Cir. 1984) ] determined that unless the district court's reason for dismissing the motions to amend were "readily apparent" the dismissal could not be sustained. 734 F.2d at 750. Because the district court did not consider the motion, we can discern no such "readily apparent" reasons here . . . .
>
> Therefore, we hold that dismissal of the suit based upon the original complaint without first considering the motion to amend was an abuse of discretion. The district court should have evaluated Marks' motion in light of Fed. R. Civ. P. 15(a) and its liberal policy of amendment.

*Marks*, 830 F.2d at 69–70 (footnote omitted).

Likewise, this Court has held that trial courts should not grant dispositive motions without first considering any pending motion to amend the pleadings. *See, e.g.,* ***Knight v. Hospital Corp. of America***, No. 01A01-9509-CV-00408, 1997 WL 5161 (Tenn. Ct. App. Jan. 8, 1997).

The above reasoning is persuasive, and it is our opinion that the trial court must give the proponent of a motion to amend a full chance to be heard on the motion, must consider the motion in light of the amendment policy embodied in Tennessee Rule of Civil Procedure 15.01 that amendments must be freely allowed; and in the event the motion to amend is denied, the trial court must give a reasoned explanation for its action. From the record, the trial court has failed to meet any of the foregoing requirements. Accordingly, in the absence of any explanation as to why the trial court did not rule on the motion to amend prior to granting the Appellees' Tennessee Rule 12.02(6) motion, which action was implicitly a denial of the motion to amend, we vacate the trial court's grant of the Rule 12.02(6) motion to dismiss. This holding, however, does not end our inquiry because the trial court also granted dismissal based upon Tennessee Rule of Civil Procedure 41.02. As discussed , *infra*, the Rule 41.02 motion was granted based solely upon an *ex parte* letter that was sent by the Cohens to the trial court, and upon the Cohens' failure to notify the opposing parties when they sent out discovery subpoenas. Accordingly, unlike the Rule 12.02(6) motion, the Rule 41.02 motion was not dependent upon the contents of the complaint; thus, the question of

whether amendment should have been allowed prior to the court's ruling is not dispositive *vis* the Rule 41.02 disposition. We now turn to address the question of whether dismissal on the Rule 41.02 ground was error.

### Tennessee Rule of Civil Procedure 41.02 Motion

Tennessee Rule of Civil Procedure 41.02(1) allows a defendant to move for involuntary dismissal of the plaintiff's lawsuit if the plaintiff fails to comply with the Rules of Civil Procedure: "For failure of the plaintiff . . . to comply with these rules . . . a defendant may move for dismissal of an action or of any claim against the defendant." A dismissal under Rule 41.02 is considered an adjudication on the merits, unless the trial court's order indicates otherwise: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits." Tenn. R. Civ. P. 41.02(3). This Court reviews a motion to dismiss a complaint pursuant to rule 41.02(1) of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. *See **Stalsworth v. Grummon***, No. M2000-02352-COA-R3-CV, 2001 WL 513885 (Tenn. Ct. App. May 15, 2001). Thus, this Court will uphold a motion to dismiss a complaint pursuant to Rule 41.02(1) of the Tennessee Rules of Civil Procedure unless the "trial court acted unreasonably, arbitrarily, or unconscionably by dismissing the complaint." ***Id***. at *9 (citing ***Reynolds v. Metro. Gov't of Nashville & Davidson County***, No. 01 A01-9059-CV-00406, 1996 WL 76322 (Tenn. Ct. App. Feb. 23, 1996)).

The basis for the trial court's dismissal under Rule 41.02 was two-fold. First, an *ex parte* letter to the court from Ms. Cohen. The letter, dated April 26, 2012 states, in pertinent part, as follows:

> I am writing in regards to the above referenced matter. As someone who is familiar with the court system and due process, I am confident in the validity of this case. Further, in consulting with many attorneys . . . I have been reassured that what I am dealing with is "text book defamation." However, I have experienced first hand the reality of economics and, because my defendants do not have money to collect on, I have been unable to obtain representation. In short, I've been told that I have a very strong case but collectability [sic] is going to be an issue.
>
> \*                                   \*                                   \*
>
> My defendants are not taking this seriously. They have refused to answer my Interrogatories and Request for Production of

> Documents. . . .
>
> . . . I do have an Associates Degree in Paralegal Studies and have worked as a paralegal. However, I feel that I am getting in over my head but I cannot afford the retainer fees of the other attorneys that I've spoken with. I would appreciate any advice that you can offer me in regards to how I can properly prepare for trial.
>
> I assure you that I have plenty . . . of screenshots and printed emails to offer into evidence to support my claims. I have attached a couple of screenshots for you to get an idea of what I was dealing with. . . . If they do file a motion to dismiss, I ask that you deny it and give me my day in court to prove their guilt. As I stated before, it's about accountability and I believe that it is very important to send a message to these people that making attempts to ruin someone's life is not a Constitutional right.

As set out in its order granting the Rule 41.02 motion to dismiss, *supra*, the trial court ruled that the foregoing letter was a violation of Tennessee Rule of Civil Procedure 11. From the court's order, it appears that the trial court determined that the Cohens' letter violated Tennessee Rule of Civil Procedure 11.02, which states, in relevant part, that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation

We infer from the trial court's order that the "improper purpose" was the Cohens' attempt to solicit, *ex parte*, the trial court's help in their case.

Tennessee Supreme Court Rule 10(A) provides that "[a] judge shall not . . .permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter." However, a party's attempt at *ex parte* communication may not rise to the level of

warranting dismissal of the lawsuit. As held by this Court in the context of an administrative hearing, "[a]s a general matter, '[t]he party claiming bias as a result of *ex parte* communications must prove both the existence and content of the alleged communication, and the record may negate any claim that the communication created undue bias in the decisionmaker.'" ***Wright v. Tennessee Bd. of Examiners in Psychology***, No. M2003-01654-COA-R3-CV, 2004 WL 3008881 (Tenn. Ct. App. Dec. 28, 2004) (citing 73 C.J .S. Public Administrative Law and Procedure § 127 (2004)).

The second basis for the trial court's dismissal under Tennessee Rule of Civil Procedure 41.02 was the Cohens' failure to serve certain subpoenas on the Appellees in violation of Tennessee Rule of Civil Procedure 45.03. Rule 45.03 provides, in relevant part, that: "Service of the subpoena shall be made by delivering or offering to deliver a copy thereof to the person to whom it is directed." Although the trial court's order, *supra*, does not elaborate on the specific violations of Rule 45.03, we find guidance in the Appellees' motion to dismiss pursuant to Rule 41.02, which states, in relevant part:

> Plaintiffs have already issued several subpoenas for the production of documents and have served them on the party from whom they wish to obtain the information. (Court Docket Report). However, neither Michelle Julian nor her counsel has received a copy of any of these subpoenas or the documents procured thereby. Neither have counsel or Julian been served with any notice that the documents are available for inspection or copying. . . . Ms. Julian and her counsel (1) have the right to be served a copy of the subpoena in order to determine whether a motion to quash may be appropriate and (2) have the right to inspect the documents that plaintiffs have procured. As Plaintiffs have so brazenly violated the clear letter of this rule, this court should dismiss their action.

While the Cohens concede that their actions in sending the letter and in failing to notice Appellees of the subpoenas or information obtained thereunder were in violation of the Rules of Civil Procedure, they contend that dismissal for these failures is too harsh a result. We agree. As stated by this Court in the case of ***Pegues v. Illinois Central R.R. Co.***, 288 S.W.3d 350 (Tenn. Ct. App. 2008):

> [T]he inherent powers of the court to impose sanctions are most effective when utilized with discretion and restraint. ***Id***. "[T]he punishment must fit the offense." ***Id***. "[T]he power to sanction should be used sparingly. It should not be used like a sword and

> used frequently ... to do so would diminish the significance when sanctions are imposed." *Id*. Thus, although dismissal is appropriate where there has been intentional disregard of the trial court's orders or where a party has "flout[ed]" the court's discovery order, it is a drastic measure which the court wisely imposes with discretion. *Id*.; *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982). As we noted in *Holt*, "[d]ismissal is a harsh sanction." *Holt*, 638 S.W.2d at 394.

*Id*. at 354 (citing *Alexander v. Jackson Radiology Assoc., P.A.*, 156 S.W.3d 11, 14 (Tenn. Ct. App.2004)).  The Tennessee Supreme Court has stated that cases should be decided on their merits whenever possible. *See Bates v. Sanders*, 79 S.W.2d 41, 42 (Tenn. 1935). However, Tennessee courts have recognized that "trial judges must be able to control their dockets . . . they must have available the most severe spectrum of sanctions not merely to penalize those whose conduct warrants sanctions but also to deter others who might be tempted to engage in similar conduct if the sanction did not exist." *Manufacturers Consolidation Service, Inc. v. Rodell*, 42 S.W.3d 846, 864 (Tenn. Ct. App. 2000)*, perm. to app. denied* (Tenn. 2000). Nonetheless, the Court went on to state "dismissal is a harsh sanction that generally is not favored in circumstances where lesser sanctions are available." *Id*.  Accordingly, "Appellate courts do not treat decisions to dismiss cases pursuant to . . .Tenn. R. Civ. P. 41.02(1) lightly." *Kotil v. Hydra-Sports, Inc.*, No. 01-A-01-9305-CV00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct. 5, 1994) (citation omitted).

Rule 41.02(2) states that "[i]f the court grants the motion for involuntary dismissal, the court shall find the facts specially and shall state separately its conclusion of law and direct the entry of the appropriate judgment."  Here, and as set out in its order above, the trial court merely states the uncontested facts that it received *ex parte* communication, and that the Cohens failed to serve the opposing parties with notice of the subpoenas the Cohens issued.  Based upon these uncontested violations of the Rules of Civil Procedure, the trial court dismissed the Cohens' lawsuit. In the opinion of this Court, and in line with our previous opinion in *Pegues*, we conclude that when imposing the harshest of penalties, i.e., dismissal of the lawsuit, the trial court must endeavor to explain not only the violations, but also how those violations prejudiced or otherwise affected the complaining parties so as to justify dismissal.  While we concede that there are cases in which mere violation of the rules of civil procedure may be sufficient to warrant dismissal of the lawsuit, *see, e.g., Holt v. Webster*, 638 S.W.2d 391 (Tenn. Ct. App.1982) (involving failure to timely and completely respond to discovery), we are not convinced at this juncture that this is one of those cases. Had the trial court's order set out its reasoning more thoroughly, we could review the bases for the dismissal under Rule 41.02; however, the order does not elaborate. In addition, we cannot glean the effect, if any, of the Rule 11 and Rule 45 violations on the opposing parties

due to the fact that this record does not contain a transcript of the hearing on the motion. Therefore, we cannot perform a meaningful review of the Rule 41.02 dismissal. In the absence of any information concerning the effect of the Cohens' civil procedure violations on the Appellees' case, and in the absence of any indication that the *ex parte* communication resulted in prejudice, or that the Cohens intentionally usurped the court's authority, we conclude that the trial court acted outside its discretion in imposing the harshest of penalties without specific explanation, and without exploring less drastic options for addressing the Cohens' rules violations. Accordingly, we also vacate the portion of the trial court's order, granting the Rule 41.02 dismissal.

In summary, upon remand the trial court should hear arguments on the Cohens' motion to amend the complaint, and should not rule on the Tennessee Rule of Civil Procedure 12.02(6) motion until it has adjudicated the request for amendment. Concerning the Rule 41.02 dismissal, should the trial court reach the same conclusion upon remand, i.e., that dismissal is the appropriate sanction, it should explain its reasoning more thoroughly in order to justify that decision. Otherwise, the trial court should fashion a less harsh sanction for the Cohens' civil procedure violations.

For the foregoing reasons, we vacate the order of the trial court and remand for such further proceedings as may be necessary and are consistent with this Opinion. Costs of the appeal are assessed equally to each of the Appellees, Trisha Clarke and Michelle Julian, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE