IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 3, 2025

## WILLIAM R. SMITH, ET AL. v. KEITH PRATER, ET AL.

**Appeal from the Circuit Court for Sevier County**
**No. 21-CV-691-I     Carter S. Moore, Judge**

_____

**No. E2024-01161-COA-R3-CV**
_____

In the Circuit Court for Sevier County ("the Trial Court"), William R. Smith and Judy M. Smith (collectively, "Plaintiffs") filed a complaint to enforce a contract for the sale of land owned by Keith Prater and Janet Prater (collectively, "Defendants"). Defendants filed a motion to dismiss, arguing that Plaintiff lacked standing because Defendants had entered into the contract with Plaintiffs' limited liability company, "R & J 44, LLC" ("the LLC"), rather than Plaintiffs themselves. Plaintiffs filed a motion seeking permission to file a second amended complaint to clarify that they were suing both individually and in their capacities as members of the LLC. The Trial Court denied Plaintiffs' motion, finding undue delay in amending the complaint, and granted Defendants' motion to dismiss. Discerning no reversible error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Robert F. Croskery, Cincinnati, Ohio, for the appellants, William R. Smith and Judy M. Smith.

Steven E. Marshall, Sevierville, Tennessee, for the appellees, Keith Prater and Janet Prater.

# OPINION

## Background

In November 2021, Plaintiffs filed their original complaint to enforce a contract for the sale of land entered into with Defendants. Plaintiffs explained that in May 2017, Mr. Smith saw a plot of land with a "For Sale By Owner" sign in Gatlinburg, Tennessee. Defendants agreed to sell the land to Plaintiffs for $79,000 and entered into a contract to that effect.

In June 2017, Plaintiffs inquired about closing on the contract, but Mr. Prater requested to delay the closing to allow him time to pay off certain tax liens on the property. Plaintiffs alleged that over the course of the next three years, Mr. Smith continually asked about a potential closing date. In June 2020, Defendants "decided to break their contract and remarket the property." Mr. Smith observed a port-a-potty and cinder blocks on the property, activity "inconsistent with [Defendants'] contract obligation to sell the property" to Plaintiffs. According to Plaintiffs, they tendered $79,000 and a copy of the signed contract to Defendant and requested a closing date. In response, Mr. Prater stated that the tax liens had not been paid off and provided no closing date.

Plaintiffs sought an order to enforce the contract. In the alternative, Plaintiffs requested money damages sufficient to compensate them for breach of contract, "to be determined but believed to exceed $150,000.00." Plaintiffs attached the contract as an exhibit to their complaint. The contract named Defendants as the sellers and the LLC as the buyer. Plaintiffs and Defendants signed the contract.

In December 2021, Defendants filed an answer to the complaint, denying the substance of Plaintiffs' allegations. They also argued that the contract was unenforceable; was "nothing more than an agreement to agree"; did not specify the time for performance, an essential term; the terms of the contract were not set forth with particularity; and that Plaintiffs inexcusably delayed asserting their rights, resulting in Defendants' injury and prejudice.

In February 2023, Plaintiffs filed a motion to file a first amended complaint, informing the Trial Court that a third party with an interest in the property had been discovered. In their first amended complaint, Plaintiffs added MMPD1, LLC ("the Third Party"), as a third-party defendant. They alleged that the Third Party had entered into a contract to purchase the property from Defendants. The Trial Court granted Plaintiffs' motion.

In September 2023, Defendants filed an answer to the first amended complaint, alleging that they had agreed to sell the property to the LLC and that Plaintiffs were not

parties to the contract. They, accordingly, argued that Plaintiffs had no standing to sue in their individual capacities. They also argued that the action to enforce the contract was time-barred by the statute of limitations. In March 2024, Defendants filed a motion to dismiss, again, contending that Plaintiffs lacked standing given they were not parties to the contract.

On April 1, 2024, over two years after filing the original complaint, Plaintiffs filed a motion seeking permission to file a second amended complaint to clarify that they were suing both in their individual capacities and in their capacities as members of the LLC. In support, Plaintiffs filed an affidavit by Mr. Smith, in which he swore that he was the managing member of the LLC and that the LLC was completely controlled by him and his wife. He further swore: "Our signatures on the bottom of the Buyer's Agreement on the contract . . . are both individually and in our capacity as the controlling members, as the signatures do not limit our obligation to buy . . . as a simple review will show." They filed a response to the motion to dismiss, arguing that the second amended complaint would render Defendants' motion moot. Defendants filed a response opposing Plaintiffs' motion to file a second amended complaint given their "undue delay" in doing so.

The Trial Court denied Plaintiffs' motion to file a second amended complaint and granted Defendants' motion to dismiss. The Trial Court found that Plaintiffs had been on notice since 2017 that the buyer listed in the contract was the LLC, yet would be amending the complaint to reflect that fact seven years later. Finding undue delay, the Trial Court denied Plaintiffs' request to file a second amended complaint. Plaintiffs timely appealed.

## Discussion

Although not stated exactly as such, Plaintiffs raise two issues: (1) whether the Trial Court erred by denying their motion to file a second amended complaint and (2) whether the Trial Court erred by granting Defendants' motion to dismiss.[1]

We review the Trial Court's denial of Plaintiffs' motion to amend the complaint for abuse of discretion. *Conley v. Life Care Centers of Am., Inc.*, 236 S.W.3d 713, 723

---

[1] Plaintiffs suggest that the Trial Court erred by not converting Defendants' motion to dismiss into a motion for summary judgment, given that they attached an affidavit to their motion to file a second amended complaint. However, there is no indication that the Trial Court considered the affidavit in dismissing the action. The only document the Trial Court appears to have considered outside the four corners of the complaint was the contract, which Plaintiffs had attached as an exhibit to both their original and amended complaints. Courts may consider "exhibits attached to the complaint whose authenticity is unquestioned." *Indiana State Dist. Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at *8 (Tenn. Ct. App. Feb. 19, 2009) (quoting Wright and Miller, *Federal Practice and Procedure, Civil* § 1357, p. 376 (3d ed.2004)).

(Tenn. Ct. App. 2007) ("Whether to grant a Rule 15 Motion to Amend is within the sound discretion of the trial court, and a reviewing court will not reverse such a decision absent an abuse of discretion."). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

With respect to the standard of review on a motion to dismiss, our Supreme Court has stated:

> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012) (citations omitted).

We first address the Trial Court's decision to deny Plaintiffs' request to file a second amended complaint. Tennessee Rule of Civil Procedure 15.01 provides in pertinent part:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

Our Supreme Court has previously explained:

> The grant or denial of a motion to amend a pleading is discretionary with the trial court. *Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 904 (Tenn. 1987). Generally, trial courts must give the proponent of a motion to amend a full chance to be heard on the motion and must consider the motion in light of the amendment policy embodied in Rule 15.01 of the Tennessee Rules of Civil Procedure that amendments must be freely

- 4 -

allowed; and, in the event the motion to amend is denied, the trial court must give a reasoned explanation for its action. *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 238 (Tenn. Workers' Comp. Panel 1993). Although permission to amend should be liberally granted, the decision "will not be reversed unless abuse of discretion has been shown." *Welch v. Thuan*, 882 S.W.2d 792, 793 (Tenn. Ct. App. 1994). Factors the trial court should consider when deciding whether to allow amendments include "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979).

*Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 374 (Tenn. 2007).

The Trial Court in this case denied Plaintiffs' motion to amend based upon undue delay. This Court has instructed that although "delay alone is an insufficient basis for denying leave to amend . . . unexplained delay coupled with other factors may constitute 'undue delay.'" *March v. Levine*, 115 S.W.3d 892, 909 (Tenn. Ct. App. 2003). This Court in *March v. Levine* provided that "[o]ne such factor is where the party seeking to amend has known all of the facts underlying the amendment since the beginning of the litigation." *Id.* The *March* Court also quoted the Ninth Circuit for the proposition that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Id.* (quoting *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)). Here, as in *March v. Levine*, Plaintiffs have not put forth a "reason, justifiable or otherwise," to explain why they did not include the LLC as a party in the original complaint. *Id.*

We note, as did the Trial Court, that Plaintiffs must have known that the LLC was listed as the buyer in the contract for the sale of the property from the inception of the contract in 2017 and the inception of the original complaint filed in 2021. However, they did not file a motion to amend the complaint to reflect that reality until over two years later. Moreover, they did not file a motion to amend the complaint until six months after Defendants raised standing as an issue. Although reasonable minds could disagree with the Trial Court's decision to deny Plaintiffs' motion to amend, we discern no abuse of discretion in the Trial Court's decision, given that Plaintiffs knew the LLC was the named buyer on the contract four years prior to filing their original complaint. As the *March* Court concluded, "unexplained delay" coupled with the fact that the party seeking amendment has known of the facts underlying the amendment since the beginning of litigation constitutes undue delay. *March*, 115 S.W.3d at 909. That is exactly the circumstance before us in this case. We find no abuse of discretion by the Trial Court, and affirm the Trial Court's denial of Plaintiffs' motion to file a second amended complaint.

Next, Plaintiffs argue that the Trial Court erred by dismissing their case because they had standing. "Courts use the doctrine of standing to determine whether a litigant is entitled to pursue judicial relief as to a particular issue or cause of action." *City of Memphis v. Hargett*, 414 S.W.3d 88, 97 (Tenn. 2013). Furthermore, "a plaintiff alleging a violation of a private right must assert injury to a cognizable legal right in order to have standing." *Case v. Wilmington Tr., N.A.*, 703 S.W.3d 274, 291 (Tenn. 2024).

Plaintiffs argue they had standing "because their signatures [on the contract] did not indicate that they were signing in the name of the LLC (and were not, in fact, certain what entity would eventually own the property)." They also point to the fact that their personal telephone number was listed, "affixing liability on the Buyers in a personal capacity." We are unconvinced by their argument.

The only law Plaintiffs cite in support of their proposition is Tenn. Code Ann. § 47-3-402, a provision of Tennessee's Uniform Commercial Code which is specifically applicable to negotiable instruments, not real estate contracts. This statutory provision is inapplicable to this case. Plaintiffs cite no other law in support of their bare-bones argument.

The LLC is clearly named as the buyer on the contract. LLCs are legal entities distinct from their members. Tenn. Code Ann. § 48-249-116. Moreover, a "member has no interest in specific LLC property" and "[a]ll property transferred to or acquired by an LLC is property of the LLC." *Id.* § 48-249-502(a). In this case, as the named buyer on the contract, the LLC would have acquired the property if Defendants had agreed to go forward with the closing. We further note that an LLC member is typically "not a proper party to a proceeding by or against an LLC," except in three circumstances irrelevant to the present case. *Id.* § 48-249-114(c).

Plaintiffs chose to name the LLC as the buyer on the contract, and by doing so, the LLC served as a shield against their personal liability "for the acts, debts, liabilities or obligations of the LLC" involving the property. *Id.* § 48-249-114(a)(1)(B) ("A member, holder, director, manager, officer, employee or other agent of an LLC does not have any personal obligation, and is not otherwise personally liable, for the acts, debts, liabilities or obligations of the LLC[.]"); *id.* § 48-249-114(a)(1)(A) ("The debts, obligations and liabilities of an LLC, whether arising in contract, tort or otherwise, are <u>solely</u> the debts, obligations and liabilities of the LLC[.]") (emphasis added). By listing the LLC as the buyer, and thereby, obtaining the benefit of shielding themselves against personal liability, they also restricted their ability to individually and personally sue Defendants. Therefore, based upon our applicable standard of review, we affirm the Trial Court's dismissal of Plaintiffs' case for lack of standing.

## Conclusion

For the foregoing reasons, we affirm the Trial Court's judgment. We remand for the collection of costs below. Costs of the appeal are assessed against the appellants, William R. Smith and Judy M. Smith, and their surety, if any.

 

 

_____
D. MICHAEL SWINEY, CHIEF JUDGE